## WOLINSKY v. OKUN.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

LIS PENDENS—CANCELLATION—STATUTORY PROVISIONS.

Code Civ. Proc. § 1671, provides that an application to cancel a notice of pendency of action may be entertained where adequate relief can be secured to the plaintiff by a deposit of money or by giving an undertaking. Held, that the statute does not apply to an action where the relief specifically demanded is the conveyance of specific realty to plaintiff.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Lis Pendens, § 33.]

Appeal from Special Term, New York County.

Action by Morris Wolinsky against Morris Okun. Appeal by plaintiff from an order granting a motion to cancel a lis pendens. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Paul M. Abrahams, for appellant.
Morris Meyers, for respondent.

INGRAHAM, J. The complaint alleges that the plaintiff and defendant were copartners, engaged in buying and selling real estate in

the city of New York under a contract filed in the office of the register of the county of New York; that certain real property described in the complaint was purchased by the plaintiff and defendant for their joint benefit; that by certain false and fraudulent representations made by the defendant the plaintiff was induced to convey to the defendant the plaintiff's undivided half interest in the property so purchased; that the defendant had contracted for a sale of said property; and the plaintiff demands judgment that the deed of conveyance of the plaintiff's undivided half interest in the property to the defendant be vacated and set aside and the parties restored to the same position that they occupied before the making and delivery of the conveyance.

It is evident that the judgment demanded by the plaintiff will, if granted, restore to him an undivided half interest in the property described. While it would appear from the affidavits submitted on this motion that it is doubtful whether the plaintiff could succeed in establishing his cause of action, he has the right to have that question determined upon the trial, and not upon affidavits. A deposit of money in court, or the giving of an undertaking by the defendant, would not protect the plaintiff in case he should recover judgment; for, by vacating the notice of pendency of action, the defendant can convey the property and render any judgment which would vest the plaintiff with a half interest therein ineffectual. Section 1671 of the Code of Civil Procedure provides that the court may entertain an application to cancel a notice of pendency of action where it shall appear to the court upon motion that adequate relief can be secured to the plaintiff by a deposit of money, or, in the discretion of the court, by giving an undertaking; but this does not apply to an action where the relief specifically demanded is for the conveyance to the plaintiff of specific real property. The nature of the action must be determined by the complaint, and where the complaint demands a judgment which would insure to the plaintiff the specific real property therein described the case is not one in which adequate relief can be secured to the plaintiff by a deposit of money or the giving of an undertaking, unless from the established facts appearing upon the application it is apparent that the only relief which the plaintiff would be entitled to would be a judgment for a sum of money which would be a lien upon the property. Where there is an issue presented which involves the right of the plaintiff to specific real property, adequate relief cannot be secured to the plaintiff by a deposit of money or by giving an undertaking, and the notice of pendency of action should not be canceled.

We think that in this case, as the judgment demanded by the plaintiff, if granted upon the trial, would be something more than the recovery of a sum of money, the notice of pendency of action was improperly canceled; and the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.