MULHOLLAND v. REID et al. (T. T. REID CONST. CO., Intervener).
(No. 6678.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

1. PARTIES (§ 40*)—INTERVENTION—INTEREST.
    In a suit to have a deed executed by plaintiff's assignors to defendant's testate declared a mortgage, and for an accounting and right to redeem, a third person, claiming to be the owner of the fee, has, under Code Civ. Proc. § 452, the absolute right to intervene as a party defendant.

    [Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 60–63, 65; Dec. Dig. § 40.*]

2. LIS PENDENS (§ 20*)—ACTIONS AFFECTING RIGHTS TO REALTY.
    A suit to declare a deed conveying real estate a mortgage involves plaintiff's right to specific real property, and adequate relief cannot be secured to him by the deposit of money or the giving of an undertaking, and a notice of pendency of action should not be canceled.

    [Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 33; Dec. Dig. § 20.*]

Appeal from Special Term, New York County.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

J. C. Guggenheimer, of New York City, for appellant.
George B. Hayes, of New York City, for respondent.

DOWLING, J.   This action is brought to have a deed from plaintiff's assignor to Thomas T. Reid, dated August 18, 1908, declared a mortgage, and that plaintiff be allowed to redeem the premises described therein upon payment of any sum that shall be found due on said mortgage upon an accounting, for an accounting between the parties, and that the executors of Thomas T. Reid reconvey, or procure reconveyance of, said premises free and clear of all incumbrances, except such as were liens upon the same at the time of their conveyance to Reid, upon payment of whatever amount may be found due to the said estate under the aforesaid mortgage should such amount exceed the rents and profits collected from the premises by Reid and his successors.

The complaint sets forth that James Mulholland, plaintiff's assignor, being the owner of the premises in question, on August 18, 1908, being indebted to various parties, and unable to keep up the payment of interest thereon, or to negotiate loans to pay his outstanding obligations, agreed with Thomas T. Reid that the latter should take over the property, hold title to it in his own name, negotiate and procure new mortgages to take up the existing obligations, and retain title to the property until it could be advantageously sold, and then account to Mulholland for the rents, issues, and profits received in the interim,

and pay him the surplus remaining, if any. Pursuant to such agreement, Mulholland transferred the premises to Reid by deed, for which it is alleged no consideration was paid, save the agreement made between the parties, and that the transfer was intended to be in effect only a mortgage of the premises to secure Reid for any advance he might be required to make in carrying out the agreement. Reid went into possession of the premises, but before any sale thereof was effected he died November 18, 1912, leaving a last will and testament which disposed of said property as his own estate.

[1] A motion was made by the T. T. Reid Construction Company, claiming to be the owner of the fee of the premises described in the complaint by deed from Reid and his wife, for leave to intervene as party defendant in the action, and for the cancellation of the lis pendens filed herein, upon the giving of an undertaking. No valid reason is suggested why this company should not have been allowed to intervene as a party defendant. Under section 452, Code Civil Procedure, its right to be made a party was absolute. It is claimed by counsel for plaintiff that no opposition was made to that relief being granted, but the record does not disclose such to be the case.

[2] The issue presented by the complaint herein being one which involves the plaintiff's right to specific real property, adequate relief cannot be secured to him by the deposit of money or the giving of an undertaking, and the notice of pendency of action should not be canceled. Wolinsky v. Okun, 111 App. Div. 536, 97 N. Y. Supp. 943; Werner v. Jackson, 115 App. Div. 176, 100 N. Y. Supp. 763.

The order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion granted, to the extent of permitting the T. T. Reid Construction Company to intervene as a party defendant in this action. All concur.

---

MULHOLLAND v. REID et al. (T. T. REID CONST. CO., Intervener).
(No. 6679.)

(Supreme Court, Appellate Division, First Department. December 31, 1914.)

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

