NELL ST. JOHN, Respondent, v. STANLEY C. FOWLER, Appellant.

Second Department, May 17, 1918.

Mortgage — usury — covenant by assignor that mortgage tainted with usury is without offset or defense — when assignee defeated on foreclosure cannot hold assignor on covenant — principal and agent — knowledge of agent is knowledge of principal.

Where a mortgage negotiated by the plaintiff's agent was tainted with usury and the mortgagee named therein who participated in the transaction assigned the same to the plaintiff with a covenant that the amount due was " without offset or defense of any kind " and the plaintiff was defeated in a suit of foreclosure because of said usury, she cannot subsequently hold her assignor for the amount of the mortgage and the costs of the former action upon the covenant aforesaid. This, because the covenant must be supported by the original consideration and shares in the taint of illegality, for the law regards all elements of the transaction as the result of constraint and violence on the part of the usurer.

Under the circumstances an estoppel cannot be predicated upon the plaintiff's reliance upon the defendant's covenant.

The plaintiff was chargeable with the knowledge of her agent who designed the usurious security.

APPEAL by the defendant, Stanley C. Fowler, from a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of Kings on the 28th day of June, 1917, upon the decision of the court after a trial at the Kings County Trial Term before the court, a jury having been waived, and also, as stated in the notice of appeal, from the decision of the court.

The judgment was for the amount of a mortgage with interest, and the costs and expenses of an attempted foreclosure, in which plaintiff as assignee of the bond and mortgage had failed, because of the defense of usury. Defendant, attorney for the borrower, Collins, had been named as the mortgagee. In the assignment to plaintiff defendant had covenanted that $1,500 was the amount due, " without offset or defense of any kind." Plaintiff's agent, Loeffler, had secretly stipulated for a fee of thirteen per cent (or $195) on the loan of $1,500, which usurious bonus avoided the transaction.

*I. R. Oeland* [*Edward J. A. Rook* and *Roscoe C. Peck* with him on the brief], for the appellant.

*Samuel H. Sternberg,* for the respondent.

Putnam, J.:

On account of Loeffler's exactions, plaintiff failed in all courts in the foreclosure suit. (*St. John* v. *Collins,* 146 App. Div. 924; affd., 207 N. Y. 712.) Defendant's client, Collins, had applied to Kemble, a broker, who prepared an application for this loan. Loeffler accepted the loan proposal on usurious terms, saying he would make the loan after a mortgage had been put on record.

When Collins learned of this acceptance, Collins offered to make the mortgage to Fowler, as the one person in the transaction known to him. Accordingly, as successive steps in this affair, Collins and wife mortgaged their property to Fowler by instruments dated December 16, 1908. On January 2, 1909, Fowler assigned them to plaintiff with the broad covenant quoted. Loeffler was the agent of plaintiff, Miss St. John, who left everything to him.

Mr. Fowler participated in this usurious transaction in which he figured as a principal, being part and parcel of the original usurious arrangement. Without such assignment and covenant there would have been no loan. The

covenant in suit, therefore, has to be supported by the original consideration. Hence it shares in the taint of illegality. The law regards all elements of the transactions as the result of constraint and violence on the part of the usurer. (*Schroeppel* v. *Corning,* 5 Den. 236, 241.) The acts cannot be severed so as to raise a distinct and valid consideration for this covenant. (*National Bank* v. *Lewis,* 75 N. Y. 516, 523; *Bissell* v. *Kellogg,* 65 id. 432; *Tiedemann* v. *Ackerman,* 16 Hun, 307; affd., 84 N. Y. 677; *Verity* v. *Sternberger,* 62 App. Div. 112; affd., 172 N. Y. 633.)

Both sides argue about estoppel; that we lack the ingredient of a reliance on defendant's covenant. Plaintiff never knew defendant. She becomes chargeable with the knowledge of her own agent, who designed this guise of a valid security, and was the beneficiary of the transaction. Certainly she cannot stand as a stranger. There can be no estoppel as to the original scheme of usury and those in its privity. A good estoppel must go with, or follow, an absolute sale. The buyer must have confided in, and in good faith acted on the representation. (Tyler Usury, 418.)

The argument that plaintiff should not be liable for Loeffler's misdeed is beside the point. Through Loeffler's contrivance, plaintiff obtained an unenforcible paper. Whatever its form, it was an ingredient of the original scheme to evade the usury law.

Hence, because the covenant sued upon was taken as an inseparable part of the usurious transaction, and, therefore, unenforcible, I advise that the judgment be reversed and the complaint dismissed, with costs in both courts.

Finding of fact numbered eleventh modified, and conclusion of law reversed.

JENKS, P. J., THOMAS, RICH and KELLY, JJ., concurred.

Judgment reversed and complaint dismissed, with costs in both courts. Finding of fact numbered eleventh modified, and conclusion of law reversed. Order to be settled on notice.