ANAM REALTY COMPANY, INC., Respondent, *v.* DELANCEY GARAGE, INC., and Others, Defendants.

MAX GROBER, Appellant.

First Department, February 6, 1920.

Mortgage — foreclosure — petition for leave to intervene as defendant — allegation that mortgage was given to secure usurious loan — corrupt agreement to form corporation to cover up illegal transaction — assignment of title to further fraud — estoppel.

In a suit to foreclose a mortgage made by a corporation upon a leasehold a person is entitled to intervene as defendant where he shows by affidavit and proposed answer that he was the sole owner of the premises when the mortgage was made and, being engaged in erecting a garage, he applied

to the plaintiff for a loan of $25,000 to complete the building, whereupon it was corruptly agreed between them that in consideration of said loan the petitioner should pay or cause to be paid to the plaintiff a bonus of $5,000 in addition to legal interest, and should secure the same by causing a mortgage for $30,000 to be executed, which was done, and that as a cover and cloak for the usurious loan the defendant corporation was formed with the petitioner and other persons as dummy incorporators and that in furtherance of the corrupt agreement petitioner assigned the lease to the corporation which executed a building loan agreement with the plaintiff, which in connection with the bond and mortgage was made part of the corrupt agreement.

The contention of the plaintiff that the petitioner is in no position to make such claim because of his assignment of title to the corporation is untenable. The petitioner is not estopped from setting up the defense pleaded in his proposed answer, and on proof thereof the instruments relied upon by the plaintiff will be declared to be void.

APPEAL by the petitioner, Max Grober, from that part of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of October, 1919, denying said petitioner's application for the acceptance of his answer or for leave to intervene as a defendant.

*Joseph Gans,* for the appellant.

*Alexander Pfeiffer* of counsel [*Lind & Pfeiffer,* attorneys], for the respondent.

PHILBIN, J.:

It appears from the petition for leave to intervene that the action was brought to foreclose a mortgage made by the defendant Delancey Garage, Inc., to the plaintiff on or about May 8, 1919, upon certain leasehold premises in the county of New York. The mortgage was given to secure the payment of a bond for the sum of $30,000 to be advanced pursuant to the terms of a building loan agreement made between the parties. The said corporation was the only defendant although the summons contained the fictitious names " John Doe " and " Richard Doe " without any statement as to who was intended by such designations. The corporation was duly served. The petitioner further sets forth that he has a claim, interest and lien in, to and upon the mortgaged premises, that he is a material and necessary party to the complete determination of

the action and that he has an interest in the subject-matter thereof.

The facts alleged in support of the application are that when the mortgage was made the petitioner was sole owner and in possession of the leasehold premises, which were of the value of $60,000 and that he was engaged in erecting a garage thereon; that he applied to plaintiff for a loan of $25,000 with which to complete the building and that thereupon it was corruptly and against the statute agreed that plaintiff should loan and advance in installments said $25,000, and in consideration of such loan petitioner should pay or cause to be paid to plaintiff a bonus of $5,000, in addition to six per cent interest; that it was further agreed petitioner should secure the payment of the loan as well as the bonus, by executing or causing to be executed a mortgage for $30,000 with interest at six per cent, and that the mortgage set forth in the complaint was executed accordingly; that in furtherance of the agreement and as a cover and a cloak for the usurious loan the defendant Delancey Garage, Inc., was formed, with petitioner and two other persons, "dummies," as incorporators, but that no incorporation tax was paid. It is further alleged that as part of the usurious and corrupt agreement and to carry it into effect petitioner executed the said assignment of lease to the corporation; that the building loan agreement executed by the corporation in connection with the bond and mortgage was also made as part of the alleged corrupt agreement.

In an affidavit by petitioner in support of the motion it is alleged that when the first payment of $7,000 became due on the building loan contract, only $2,000 was paid by plaintiff, and petitioner was required to indorse and return to plaintiff a check for $5,000 as a bonus for the loan. The proposed answer of the petitioner, made part of the moving papers, sets up the above facts and makes denials of allegations in the complaint inconsistent therewith. Judgment is demanded in the answer that the bond, mortgage, building loan agreement and promissory notes given pursuant to the latter, be adjudged null and void; that they be canceled and surrendered, and the complaint dismissed. The answering affidavits do not deny the alleged usurious agreement, the only point made therein being that the petitioner is in no position to make such claim because of

his assignment of the title of the leasehold to the defendant Delancey Garage, Inc.

We think the petitioner has a right to be made a party defendant. (Code Civ. Proc. § 452; *Mulholland* v. *Reid, No. 1,* 165 App. Div. 862.) If the facts set forth by him are established, the instruments relied upon by plaintiff, including the transfer of petitioner's title to the property sought to be foreclosed, must be declared void because of the alleged usurious and corrupt agreement pursuant to which they were made. (General Business Law, §§ 370, 371, 373.) The petitioner is not estopped from setting up the defense pleaded in the proposed answer. (*St. John* v. *Fowler,* 183 App. Div. 698.)

The order should be reversed, with ten dollars costs and disbursements, and the motion permitting petitioner to intervene as a party defendant in this action granted.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted.