ABRAHAM WEINGARTEN, Appellant, *v.* SAUL MINSKOFF and Others, Respondents.

First Department, March 23, 1923.

Notice of pendency — action to have plaintiff declared to be entitled to undivided one-third interest in real property — cancellation of notice of pendency upon filing bond denied.

Notice of pendency of action will not be canceled upon the filing of a bond in an action to have plaintiff declared to be entitled to an undivided one-third interest in certain real property and for a sale thereof and for an accounting of the rents and profits received by the defendants, where the complaint alleges that the plaintiff and two of the defendants entered into an agreement to purchase the real property in question; that each of the parties was to have an undivided one-third share therein; that a contract for the purchase of the property was made in the name of one of the defendants; that the plaintiff contributed his one-third share of the purchase price but that the other parties to the agreement caused the deed to be taken in the name of a corporation of which they were the owners and refused to give plaintiff a deed to his undivided one-third share in the property.

APPEAL by the plaintiff, Abraham Weingarten, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of January, 1923, granting defendants' motion to cancel the notice of pendency of action upon filing a bond.

*Frank Steinberg* [*I. Maurice Wormser* of counsel; *Leonard Acker* with him on the brief], for the appellant.

*Grover M. Moscowitz,* for the respondents.

DOWLING, J.:

This action was brought to have plaintiff declared to be entitled to an undivided one-third interest in certain real property. The complaint sets forth the making of an agreement between plaintiff and defendants Minskoff and Leibman, whereby they mutually

agreed to purchase a parcel of property situated on West One Hundred and Ninety-second street near St. Nicholas avenue in the borough of Manhattan, city of New York; that each of the parties was to have an undivided one-third share therein; the making of a written contract, pursuant to such agreement, for the purchase of the premises from the O. F. H. Realty Corporation in the name of defendant Leibman, for the benefit of the three associates and that the deed to the premises was to be taken in their names jointly. It is then alleged that plaintiff duly performed his part of the contract and contributed his one-third share of the purchase price of the property, but that defendants Minskoff and Leibman entered into a conspiracy to defraud him of his share and formed the defendant corporation for that purpose, they being its officers and directors and owners of the stock. In order to effectuate their conspiracy, defendants caused the deed to the property to be taken in the name of the corporation, and have refused to give plaintiff, on demand, a deed to his undivided one-third share in the property. The defendants are in possession of the premises. Plaintiff prays judgment, in the first place, that he " is entitled to an undivided one-third interest in the said property described " in the complaint. He also asks for a sale thereof and for an accounting of the rents and profits received therefrom by defendants.

It is apparent that what plaintiff seeks is to specifically enforce his claim for an undivided one-third interest in the property in question. The other relief demanded is only incidental thereto.

In *Wolinsky* v. *Okun* (111 App. Div. 536) this court said: " The nature of the action must be determined by the complaint, and where the complaint demands a judgment which would insure to the plaintiff the specific real property therein described, the case is not one in which adequate relief can be secured to the plaintiff by a deposit of money or the giving of an undertaking * * *. Where there is an issue presented which involves the right of the plaintiff to specific real property, adequate relief cannot be secured to the plaintiff by a deposit of money or by the giving of an undertaking, and the notice of pendency of action should not be canceled." (See, also, *McCrum* v. *Lex Realty Co.*, 113 App. Div. 58; *Mulholland* v. *Reid, No. 1*, 165 id. 862; *Cosmos Holding Corporation* v. *Casco Traders, Inc.*, 204 id. 861.)

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., PAGE, MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.