ROSE LUCHTER, Appellant, *v.* ANTONIO PIAZZA and Another, Respondents, Impleaded with ATTILLIO DE CICCO and Others, Defendants.

First Department, November 29, 1929.

*Maurice B. Blumenthal* of counsel [*Louis Jacobus,* attorney], for the appellant.

*Michael Schneiderman,* for the respondents.

MARTIN, J. The plaintiff is the sole stockholder of the defendant Rosdan Building Corporation, which was organized for the purpose of acquiring title to a parcel of real property described in the complaint, upon which it was planned to erect an apartment house with the aid of plaintiff's husband, a builder, and Alex J. Stein, an architect.

The defendant De Cicco, the attorney who organized the corporation for the plaintiff, was at that time endeavoring to sell the particular plot of ground, the use and possession of which is now involved in this action.

The plaintiff says that after she acquired title it developed that this same attorney had been a part owner of the property. The other vendor, the defendant Antonio Piazza, was his client and intimate associate. At the title closing De Cicco represented both parties.

After title passed, the plaintiff proceeded with the construction of the building as planned; all the necessary contracts were let for the excavation, foundation, brickwork, etc., and the work actually progressed to the laying of the first tier of beams. About this time there was a depression in the mortgage market and it was then that De Cicco, who had been acting as plaintiff's attorney, offered to aid in financing the enterprise, providing a building loan and first mortgage were given. The plaintiff, however, obtained a loan through the efforts of her husband and a commitment for a loan of $160,000 was given by the Lawyers Mortgage Company.

At a meeting held thereafter in the office of De Cicco and Piazza, arrangements were made for financial assistance by Piazza and an agreement was prepared by De Cicco and executed by plaintiff.

Here again De Cicco represented both sides and oral assurances were given by both defendants of their friendly interest in plaintiff.

The plaintiff alleges that she was induced to execute assignments in blank for all her stock holdings in the Rosdan Building Corporation, and a certain mortgage of $9,000 owned by her and agreed to assign another mortgage for $9,000 which had been deposited as collateral for a $3,000 loan to be assigned to Piazza in the event that Piazza advanced the $3,000 necessary to redeem same. The second $9,000 mortgage was later assigned to Piazza, making a total of $18,000 in mortgages held by him as security. The construction of the building proceeded under the supervision of plaintiff's husband, together with Piazza, until the building loan was closed with Lawyers Mortgage Company and a first payment made of $33,000. The plaintiff says that a short time thereafter, and without explanation, the defendant Piazza discharged the architect, took over full control of the construction, and by means of threats and intimidation refused plaintiff's husband and the architect access to the premises.

The complaint purports to plead a cause of action for an accounting against the defendant Antonio Piazza and for the redemption of her shares of stock in the defendant Rosdan Building Corporation which she had delivered to the defendant Antonio Piazza as security for the repayment of all moneys advanced by him pursuant to an agreement between them.

The complaint also avers that the defendant Rosdan Building Corporation is the owner of the real property affected by the *lis pendens* and then alleges that the plaintiff is the true and equitable owner thereof.

The defendants Piazza and Rosdan Building Corporation moved for a cancellation and discharge of the *lis pendens* as a matter of right, on the ground that this was not a proper case for the filing of a *lis pendens* against the real property of the defendant Rosdan Building Corporation, but the motion was denied and no appeal was taken from that order.

Thereafter the defendants moved under section 124 of the Civil Practice Act to cancel and discharge the *lis pendens* upon the filing of an undertaking. The application was granted upon condition that an undertaking for $5,300 be filed by the defendants.

The plaintiff contends that it was error to grant the motion; that she is seeking and is entitled to the specific real property in question and is not demanding a money judgment except in so far as that may be necessary to establish her rights.

The Civil Practice Act permits the cancellation of a *lis pendens* and the filing of an undertaking in certain instances. The right

to such relief is not absolute. When the filing of a bond will not adequately protect the party filing the *lis pendens*, the court may deny the application.

Where the plaintiff, if successful, may be entitled to the identical property a money judgment may not be sufficient and the discretion given by the Civil Practice Act should not be exercised in favor of such an application.

In *Wolinsky* v. *Okun* (111 App. Div. 536) this court said: " Where there is an issue presented which involves the right of the plaintiff to specific real property, adequate relief cannot be secured to the plaintiff by a deposit of money or by the giving of an undertaking, and the notice of pendency of action should not be canceled."

That case was thereafter cited with approval in *Weingarten* v. *Minskoff* (204 App. Div. 750) and in the case of *Bienstock* v. *Nista Construction Co., Inc.* (225 id. 534).

The order granting the motion should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.