63D ST. THEATRES, LIMITED, INC., Plaintiff, *v.* MANSION ESTATES, INC., Defendant.*

Supreme Court, New York County, May 13, 1930.

*Benjamin Bernstein*, for the plaintiff.

*Dean, King, Smith & Taylor* [*Samuel Bitterman* of counsel], for the defendant.

FRANKENTHALER, J. Prior to the amendment enacted at the last session of the Legislature (Laws of 1930, chap. 287, effective April 3, 1930), section 124 of the Civil Practice Act permitted the court (except in actions to foreclose a mortgage or for the partition of real property or for dower) to cancel a *lis pendens* where " it shall appear

*Affd., 230 App. Div. 827.

to the court that adequate relief can be secured to the party filing the same by a deposit of money or in the discretion of the court by the giving of an undertaking." The cases decided under this section had, however, all taken the view that where the complaint demanded a judgment granting an interest in specific real property the situation was not one in which adequate relief could be secured to the plaintiff by the deposit of money or the giving of an undertaking. (*Luchter* v. *Piazza*, 227 App. Div. 313; *Wolinsky* v. *Okun*, 111 id. 536.) The 1930 amendment adds a sentence to section 124 of the Civil Practice Act, as follows: " The discretion vested in the court by this section may be exercised in any such action, notwithstanding the same may have been brought to recover a judgment affecting the title to, or the possession, use or enjoyment, of specific real property." Read literally, the amendment adds nothing to the existing law since there had been nothing in the unamended *statute* which precluded the court from exercising its discretion in favor of a cancellation of a *lis pendens* even though the action affected the title to specific realty. The refusal of such relief in actions of the character referred to had been due to *holdings of the courts* that in such a situation the exercise of the discretion was unwarranted. It seems to me, however, that the amendment was obviously intended to alter the hard and fast rule of these decisions by declaring, in effect, that the mere circumstance that the action is one for a judgment affecting the title to or possession of specific real property does not necessarily prevent the obtaining of adequate relief by substituting a deposit or an undertaking for the notice of pendency of action. Unless this was the intention of the Legislature the amendment is utterly meaningless and superfluous. The rigid and inflexible rule enforced prior to the legislation in question had been subject to much abuse and had made it a relatively simple matter to tie up property by strike suits for long periods of time.

The amendment is, however, susceptible to grave abuse in the contrary direction to the extent that honest and *bona fide* claimants may be deprived of their right to an interest in, or the enjoyment of, specific real property by the cancellation of a *lis pendens* and the substitution of an undertaking in an amount fixed by the court. The power to cancel the notice of pendency of action in actions affecting the title to specific realty is one which should, therefore, be exercised with the greatest caution and in none but the most obvious cases of injustice to the property owner. The instant case appears to be a proper one for the invoking of the amendment.

The plaintiff is suing in ejectment to obtain the possession of premises leased to its assignor in April, 1920, for a term expiring on September 30, 1940. It appears that the lease referred to was

a sublease; that the plaintiff was dispossessed in September, 1928, for non-payment of rent and other charges aggregating more than $12,000; that it never demanded possession until the present action was commenced in December, 1929; that it at no time offered to pay the arrears; that there are unsatisfied judgments of record against it for more than $34,000, indicating an inability on its part to comply with the sublease; that during the summer of 1928 the plaintiff surrendered the sublease to the lessee; that since that time the premises have been openly and notoriously used by others; that the main lease has been surrendered and canceled and the property conveyed to this defendant free and clear of said lease; that at the time the defendant acquired the property it also purchased various other parcels on the same block for an improvement which was extensively advertised in the public press; and that the plaintiff permitted the use of the premises by various enterprises and the consummation of their sale to the defendant before it instituted this action to obtain possession. These various circumstances, as well as many others disclosed by the papers, unnecessary to refer to in detail at this time, convince me that the action is not brought in good faith and that the possibility of success is extremely remote. The motion will accordingly be granted. Suggestions as to the amount of the deposit or undertaking will be received upon settlement of the order. Settle order.