Nicholas M. Pette, J.
In this action by plaintiff to set aside a conveyance of real property made by a third party to the defendant, on the ground that said conveyance was made at a time when the defendant knew of the existence of a prior contract for the purchase of said property by the plaintiff from said third party, (the defendant’s grantor) and to recover damages for alleged conspiracy between defendant and his grantor and others (not parties to this action) to deprive plain *719 tiff of his rights under said contract, the defendant moved under section 124 of the Civil Practice Act for the cancellation of the lis pendens filed by plaintiff against the subject property, upon the giving of an undertaking by the defendant as provided in subdivision 1 of that section, or, in the alternative, to compel the plaintiff to furnish an undertaking as provided in subdivision 2. This court by its decision dated October 10, 1957, denied the defendant’s motion.
The defendant now moves upon the original papers and additional facts set forth in additional affidavits for leave to reargue and renew his motion. The motion to reargue and renew said motion is hereby granted, and upon such reargument the decision of the court dated October 10, 1957 and the order entered thereon dated October 21, 1957, are hereby vacated and set aside.
Upon a re-examination of all the papers submitted on the original motion and the additional facts elicited from the additional affidavits submitted on the instant motion, the court is of the opinion that adequate relief will be secured by the plaintiff by the giving of an undertaking by the defendant in substitution for said lis pendens (Civ. Prac. Act, § 124, subd. 1; 63d St. Theatres v. Mansion Estates, 137 Misc. 285, affd. 230 App. Div. 827).
The tendency seems to be for a liberalization of the practice relating to the cancellation of lis pendens. As the court stated in the 63d St. Theatres case (supra, p. 286): “ The 1930 amendment [to section 124 of the Civil Practice Act] was * * * intended to alter the hard and fast rule of [earlier] decisions by declaring, in effect, that the mere circumstance that the action is one for a judgment affecting the title to or possession [use or enjoyment] of specific real property.does not necessarily prevent the obtaining of adequate relief by substituting a deposit or an undertaking for the notice of pendency of action. Unless this was the intention of the Legislature the amendment is utterly meaningless and superfluous.”
Under section 124 of the Civil Practice Act, the court may ascertain the relative merits of the plaintiff’s complaint and may consider the good faith of the plaintiff and the probability of his success in the action (Deitch v. Atlas, 132 N. Y. S. 2d 806). From the affidavits offered on this motion and the complaint, there appears to be considerable doubt as to whether the plaintiff can succeed in this action. In such circumstances the court is justified in exercising its discretion and granting relief.
The Us pendens herein appears to have been filed on July 22, 1957 and the deed to defendant recorded on October 20, *720 1956. It does not seem that rights under the lis pendens so filed are superior to the rights defendant acquired under his deed so recorded (Kestler v. Weissenfels, 247 App. Div. 888).
No affidavit of the plaintiff was submitted on either this or the original motion, to contradict or dispute defendant’s averments that he had no knowledge or notice of the existence of the alleged prior contract between plaintiff and defendant’s grantor for the conveyance of the subject property, nor to contradict the statements in the affidavits of defendant’s grantor and of Thomas J. Taglianette, that defendant had no knowledge of said contract prior to the conveyance made to defendant and the recording thereof on October 20, 1956. This omission is significant. The facts indicate that plaintiff’s purpose for acquiring the subject property was admittedly for business purposes, and there do not appear to be any unique- or unusual characteristics attaching to the property or that plaintiff had any sentimental reasons for acquiring the same.
It appears that plaintiff has invested the comparatively small sum of $1,500, representing the down payment made under his contract with defendant’s grantor, who contends that plaintiff defaulted and asked to be relieved from performing thereunder. The defendant, on the other hand, has invested in excess of $60,000 in improvements and buildings he erected on this property, two of which buildings he has contracted to sell and title to which was to close on October 15,1957, and unless title thereto closes shortly the mortgage commitments defendant obtained thereon will be lost and defendant placed in default and required to refund the deposits he received and used in constructing the buildings. A cancellation of the lis pendens, which is the impediment preventing closing of title, will eliminate and avoid such substantial loss and ruin to the defendant.
It also appears that plaintiff instituted an action for specific performance against defendant’s grantor, by service of a summons only on October 17, 1956, and that the complaint and lis pendens in that action were only filed after defendant had received and recorded his deed. That action does not appear to have been noticed for trial and plaintiff’s failure in that respect does not favorably impress this court (Manarrow Realties v. E. J. Conrad Corp., 222 App. Div. 652).
Failure to remove the lis pendens at this time could at best bring about only a Pyrrhic victory for defendant at the trial. He could be absolutely right in his contentions and obtain a judgment after trial dismissing the complaint on the merits with costs and yet lose his case, because of the financial ruin resulting to bim in the interim. Equity endeavors to avoid such disastrous *721 consequences whenever it can possibly do so in the interest of justice, and the case at bar presents sufficient facts meriting the exercise of the court’s discretion in granting the relief prayed for in the notice of motion herein.
The court is satisfied, that on all the facts presented, in the exercise of sound discretion, the lis pendens should be cancelled of record and the defendant’s undertaking substituted in its place, pursuant to the provisions of subdivision 1 of section 124 of the Civil Practice Act.
Accordingly, defendant’s motion for an order canceling the lis pendens and substituting in place thereof defendant’s undertaking, is granted, and the defendant is directed to give an undertaking in the sum of $5,000 pursuant to subdivision 1 of section 124 of the Civil Practice Act. Plaintiff is directed to immediately notice this case for trial (if the same has not heretofore been so noticed) and this action is hereby set down for trial on November 12, 1957 at Special Term, Part III of this court, subject to the approval of the Justice presiding in said part.
Submit order.