Donald H. Mead, J.
The defendant herein, Nicholas J. Master-pol, moves for an order pursuant to CPLR 6515 canceling a notice of pendency heretofore filed in the Onondaga County Clerk’s office by the plaintiffs, Dominick Creno and Mary Jo Creno, upon the furnishing by defendant of an undertaking in an amount to be fixed by the court or in lieu thereof that the plaintiffs be required to give an undertaking in an amount to be fixed by the court in such sum as will indemnify the defendant *49 for damages he may incur if the notice of pendency is not can-celled and that upon failure of plaintiffs to furnish such an undertaking, that the notice of pendency be cancelled.
It is alleged in the complaint that the defendant, on or about the 18th day of August, 1964, loaned to the plaintiffs the sum of $6,850 and “that to secure the repayment of said loan the defendant fraudulently induced the plaintiffs to make, execute and deliver to the defendant a warranty deed to certain real property ’ ’ as therein particularly described. It should be here noted that the plaintiff, Mary Jo Creno, and one Frank Cavallaro, who was not joined as a party herein were the sole grantors in the afore-mentioned deed to defendant. It was recited in the deed that the conveyance was subject to a mortgage executed by plaintiffs and the said Frank Cavallaro as mortgagors to Vittorio and Josephine Carioti, as mortgagees,' in the amount of $7,726.15, with interest at 6% per annum from August 1, 1964 which the defendant herein assumed and agreed to pay as part of the consideration for said conveyance.
Plaintiffs, in their complaint, further allege that the defendant induced plaintiffs to make, execute and deliver the aforesaid deed by falsely and fraudulently representing to plaintiffs that upon repayment of said loan the defendant would return the deed to plaintiffs, which allegations are followed by the usual averments of falsity, intent and knowledge on the part of the defendant as well as plaintiffs’ reliance upon defendant’s alleged fraudulent representations. As and for a second cause of action plaintiffs allege that said loan was usurious and illegal. The plaintiffs’ prayer for relief demands judgment (1) that the aforesaid deed be reformed so as to convey to defendant a mortgage interest only in said property and to the extent of the amount of the loan of $6,850 to be paid on demand, with interest at the rate of 6% per annum from the 18th day of August, 1964, and (2) that the aforesaid warranty deed be cancelled of record and declared null and void by reason of its usurious, fraudulent and corrupt inception and that any transfer in fee absolute be rescinded.
The answer of defendant generally denies the allegations of the complaint and as a first affirmative defense avers that the consideration for said deed ‘ ‘ was $6,850.00 plus the assumption by the defendant of an outstanding mortgage on said premises of $7,726.15.” That “ [C]n the same date as the conveyance alleged in paragraph ‘ 4 ’ of this answer, the defendant gave to plaintiff Dominick Creno an option on said premises by which for the sum of $7850.00 defendant agreed to sell said premises to the said Dominick Creno provided he elected to exercise his rights under said option on or before November 18, 1964. An *50 unexecuted copy of said option is attached hereto and marked Exhibit ‘ B ’. All of the terms and conditions contained in Exhibit ‘ B ’ are the same as those contained in said executed option. Said option mentioned above contained, among other things, the following provision: 1 The stipulations aforesaid are to apply to and bind the heirs, executors and administrators of the respective parties hereto. This instrument may not be changed orally. ’ ”
As a second affirmative defense the defendant alleges, in substance, that upon failure of plaintiff, Dominick Creno, to exercise his option and following the expiration of the option date therein recited, to wit: November 18, 1964, the defendant, with the knowledge of plaintiffs, erected upon said premises certain improvements reasonably worth the sum of $100,000 and that plaintiffs took no action to exercise their alleged rights in said property until after the completion of said improvements. That the defendant paid in full the mortgage debt assumed by him under the terms of and as part of the consideration for said deed and that said mortgage has been discharged of record, a copy of the discharge being attached to defendant’s answer and marked Exhibit “ C ”. That the defendant paid off the said assumed mortgage and erected the improvements upon said premises in reliance upon the election of the plaintiff, Dominick Creno, not to exercise his option and that defendant would be irreparably damaged should the said Dominick Creno be allowed to exercise his option at this time or should plaintiffs be allowed to redeem any alleged mortgage.
For a third affirmative defense, the defendant alleges that the plaintiff, Dominick Creno, has no interest of record in the conveyed premises and is not, therefore, a real party in interest herein and that Frank Cavallare (one of the grantors named in said deed) is a necessary party to the relief requested in plaintiffs’ complaint. Copies of the exhibits referred to in defendant’s answer wrnre attached thereto.
The motion is made pursuant to CPLB 6515 which provides :
“ Undertaking for cancellation of notice of pendency; security by plaintiff. In any action other than one to foreclose a mortgage or for partition or dower, the court, upon motion of any person aggrieved and upon such notice as it may require, may direct any county clerk to cancel a notice of pendency, upon such terms as are just, whether or not the judgment demanded would affect specific real property, if the moving party shall give an undertaking in an amount to be fixed by the court, and if:
1 ‘ 1. the court finds that adequate relief can be secured to the plaintiff by the giving of such an undertaking; or
*51 “2. in an action for specific performance of a contract to convey real property, the plaintiff fails to give an undertaking, in an amount to be fixed by the court, that the plaintiff will indemnify the moving party for the damages that he may incur if the notice is not cancelled.”
The above section is derived from section 124 of the Civil Practice Act, as amended by chapter 876 of the Laws of 1957, without change of meaning. The minor changes made were to simplify language and delete specific statements as being repetitive or because they were found elsewhere in the CPLR (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 6515.01. 6515.02).
Since the plaintiffs’ complaint seeks the reformation of the deed and rescission of the conveyance of title in fee absolute there is no need to consider the alternative portion of defendant’s motion inasmuch as subdivision 2 of the section applies only to actions for specific performance of a contract to convey real property.
Following the amendment to former section 124 of the Civil Practice Act in 1930 (L. 1930, ch. 287) it has been clearly recognized that the section, in actions other than for the foreclosure of a mortgage or for the partition of real property or for dower, permitted the court to cancel a lis pendens where it shall appear to the court, in its discretion, that adequate relief can be secured to the plaintiff by the giving of an undertaking even though the action may have been brought to recover a judgment affecting the title to or the possession, use or enjoyment of specific real property. (63rd St. Theatres v. Mansion Estates, 137 Misc. 285, affd. without opn. 230 App. Div. 827.) The substance of this amendment is preserved in the language of the opening paragraph of CPLR 6515, “ whether or not the judgment demanded would affect specific real property ”. (Emphasis added.) However, the power to cancel the notice of pendency of action in actions affecting the title to specific realty is one which should be exercised with the greatest caution and in none but the most obvious cases of injustice to the property owner. (63rd St. Theatres v. Mansion Estates, supra.)
True it may be, that courts have exercised discretion in substituting an undertaking for the property in cases affecting title to specific realty where the good faith of the plaintiff or the possibility of plaintiff’s success on the merits may be questioned (e.g., Deitch v. Atlas, 132 N. Y. S. 2d 806; Brandstetter v. Kramer, 8 Misc 2d 718; Oster v. Bishop, 20 Misc 2d 446, 448), nonetheless, the court, in the present posture of this case and upon the pleadings and motion papers submitted, is unable to determine with any degree of certainty that the plaintiff is acting in bad faith *52 or is unlikely to succeed on the merits. Moreover, the plaintiffs are not seeking any alternative relief in the way of money damages nor was any information furnished to the court by either of the parties as to the present value of the specific realty involved which could be used as a criterion in determining how much an undertaking should be. The mere fact that defendant has expended sums of money in the improvement of the property in question is not sufficient to deprive the plaintiffs of their rights to the specific property if they are ultimately successful upon the trial of the action.
Our courts have always been reluctant to cancel a Us pendens in cases affecting the title, possession, enjoyment or use of specific realty and to substitute an undertaking therefor. In Wolinsky v. Okun (111 App. Div. 536, 538) the court stated: “ Where there is an issue presented which involves the right of the plaintiff to specific real property, adequate relief cannot be secured to the plaintiff by a deposit of money or by the giving of an undertaking, and the notice of pendency of action should not be canceled. ’ ’
The nature of the action must be determined by the complaint and where the complaint demands a judgment which would insure to the plaintiff the specific real property therein described, the case is not one in which adequate relief can be secured to the plaintiff by a deposit of money or the giving of an undertaking, unless from the established facts appearing upon the application it is apparent that the only relief which the plaintiff would be entitled to would be a judgment for a sum of money which would be a lien upon the property. (Wolinsky v. Okun, supra.)
In the case at bar the plaintiffs are not seeking a money judgment but rather seek title to the specific real property. (See, also, Luchter v. Piazza, 227 App. Div. 313; Weingarten v. Minskoff, 204 App. Div. 750; Siegel v. Silverstone, 250 App. Div. 784; Steel-Crete Homes Co. v. Roseth Realty Co., 228 App. Div. 723.) The defendant’s motion is, therefore, in all respects denied, without costs.
However, under all of the facts and circumstances presented, an early trial of the issues should be had. The plaintiffs have filed a note of issue and defendant has been furnished a bill of particulars pursuant to his demand therefor. Any further pretrial procedures or motions should be instituted forthwith to the end that the issues herein be tried at the earliest possible date. In passing, attention is called to CPLB 6514 (subd. [b]) which permits the court to cancel a lis pendens for plaintiff’s failure to prosecute the action in good faith.