(108 App. Div. 301.)

McMANUS v. WEINSTEIN et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

LIS PENDENS—STATUTES—NATURE OF ACTION—ADJOINING OWNERS—RESTRAINING ENCROACHMENT.

· Code Civ. Proc. § 1670, provides that in an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of, real property, plaintiff may file a notice of the pendency of the action. *Held*, that where a judgment was demanded in the nature of a mandatory injunction, requiring defendants to remove a brick wall on their premises which encroached on plaintiff's property, plaintiff was not entitled to file a notice that defendant's property was affected.

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Charles J. McManus against Bernard Weinstein and another. From an order denying a motion to cancel a notice of pendency of action, defendants appeal. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

Joseph P. Joachimsen, for appellants.
Martin Conboy, for respondent.

INGRAHAM, J. The complaint alleges that the plaintiff is the
owner of certain property described in the complaint, known as
314 West 144th street, in the city of New York; that the defend-
ants are the owners of property adjoining that of the plaintiff on the
west; that during the years 1887 and 1888 a five-story flat was
erected on the premises owned by the defendants; that the easterly
wall of this building upon the defendants' property has spread and
bulged, so that the same is in many places, at the roof and for
almost its entire length, from one to two feet over the premises
owned and occupied by the plaintiff, thus encroaching to the ex-
tent indicated upon the plaintiff's premises; that the said encroach-
ment prevents the plaintiff from disposing of his property, and at
the same time is dangerous to plaintiff and the members of his
family; and the judgment demanded is that the defendants be re-
quired to remove that portion of the brick house and wall which
is upon and over the plaintiff's said premises. At the commence-
ment of this action the plaintiff filed a notice of the pendency of
action, which described the defendants' property as being the
premises affected by the action, whereupon the defendants moved
to vacate that notice of pendency of action upon the ground that
the judgment asked for did not and could not affect the defendants'
property. This motion was denied, and the defendants appealed.

The notice of pendency of action was filed under section 1670 of
the Code of Civil Procedure, which provides that:

"In an action brought to recover a judgment affecting the title to, or the
possession, use or enjoyment of, real property, the plaintiff may, when he
filed his complaint, or at any time afterwards before final judgment, file in
the clerk's office of each county where the property is situated, a notice of
the pendency of the action."

If this action was not to recover a judgment affecting the title
to, or possession, use, or enjoyment of, the real property described
in the notice of the pendency of the action, the plaintiff was not
authorized by the section of the Code to file the notice, and the court
should have ordered it canceled. The judgment that the complaint
demands is in the nature of a mandatory injunction requiring the
defendants to remove a brick wall that encroaches upon the plain-
tiff's property. The judgment, if one is obtained as prayed for in
the complaint, could be enforced by proceedings for a contempt. The
title of the defendants to the property described in the notice is not
questioned. The plaintiff makes no claim to said property, nor does
he claim to be entitled to its possession, use, or enjoyment. What
he objects to is that the defendants are using plaintiff's property,
which they have no right to use, and which he asks that the de-
fendants be restrained from doing. There is, therefore, nothing
in any judgment that can be entered in this action which could in
any way affect the title of the defendants to the property, or their

right to its possession, use, or enjoyment. The plaintiff was not, therefore, entitled to file a notice that the action affected the defendant's property.

These views are in accordance with the decision of this court in Moeller v. Wolkenberg, 67 App. Div. 487, 73 N. Y. Supp. 890; for it was held in that case that the interest which the plaintiff asserted in the defendant's property was of a nature which would limit the use and prevent the enjoyment thereof in the manner in which the defendant has used or is attempting to use and enjoy it, and that the court had no power to cancel the notice. In Ackerman v. True, 44 App. Div. 106, 60 N. Y. Supp. 608, which was an action brought for an injunction and to recover damages claimed to be caused by the defendant's encroachment upon the street adjoining the plaintiff's property, we held that the defendant's land was in no wise affected by the suit, and that the motion to cancel the notice of pendency of action should have been granted.

I think the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

O'BRIEN, P. J., and PATTERSON and McLAUGHLIN, JJ., concur. LAUGHLIN, J., dissents.