ESTHER B. BIENSTOCK, Appellant, *v.* NISTA CONSTRUCTION COMPANY, INC., and Another, Respondents.

First Department, April 5, 1929.

*A. Herman Friesner* of counsel [*Lewis Nadel* with him on the brief; *A. Herman Friesner*, attorney], for the appellant.

*Anthony J. Romagna*, for the respondents.

FINCH, J. From an order granting a motion to cancel a *lis pendens* upon filing a surety company undertaking, the plaintiff appeals.

Plaintiff and the corporate defendant are owners of adjoining lots. The defendants commenced the erection of a six-story building upon its premises. Incidental to this construction, the defendants excavated underneath plaintiff's ground, entered upon her premises, and erected thereupon a stone retaining wall running contiguously alongside the defendant's land, about seventy feet in depth and approximately twenty inches wide, and constructed up to the level of plaintiff's yard, all without the consent of the plaintiff. Plaintiff asks relief that the defendants be directed to remove this retaining wall from the plaintiff's premises and to erect a retaining wall upon the premises of the corporate defendant which shall afford to plaintiff lateral support for the earth of her premises. No money damages are asked.

Prior to the service of the summons and complaint, plaintiff filed a *lis pendens* against the property of the corporate defendant. Thereafter the defendants moved for an order directing the county clerk to cancel the notice of pendency of action upon the defendants' filing an undertaking in such an amount as the court might direct, and the court made the order appealed from, permitting the *lis pendens* to be canceled upon the filing of a surety company bond in the sum of $3,500.

The order appealed from must be reversed and the motion to cancel the *lis pendens* denied. The cause of action set forth in the complaint is one that concerns the possession, use and enjoyment of real property. Plaintiff, therefore, had an absolute right to file a *lis pendens* until the trial of the action and the final determination of the right to appeal therefrom. (Civ. Prac. Act, §§ 120, 586.) When plaintiff seeks as a part of her relief an interest in specific real property, as in this case an easement of lateral support, this right cannot be taken away against her consent and money damages substituted therefor, for the very obvious reason that if this were so, plaintiff could be deprived of this easement against her will, whereas no such right exists without the power of condemnation. In such a case the provisions of the Civil Practice Act (§ 124) providing for cancellation of a *lis pendens* in the event " it shall

appear to the court that adequate relief can be secured to the party filing the same * * * by the giving of an undertaking " has no application. As was said by Mr. Justice DOWLING (now presiding justice), in *Weingarten* v. *Minskoff* (204 App. Div. 750), quoting with approval from *Wolinsky* v. *Okun* (111 id. 536): " ' Where there is an issue presented which involves the right of the plaintiff to specific real property, adequate relief cannot be secured to the plaintiff by a deposit of money or by the giving of an undertaking, and the notice of pendency of action should not be canceled.' "

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to cancel the notice of pendency of action denied, with ten dollars costs.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion to cancel *lis pendens* denied, with ten dollars costs.