NATHAN L. OTTINGER, Plaintiff, *v.* ARENAL REALTY CORPORATION, Defendant.

Supreme Court, New York County, August 28, 1930.

*Kurzman & Frank* [*Sidney Newborg* of counsel], for the plaintiff.

*Reit & Kaminsky*, for the defendant.

SHIENTAG, J. This is an application to cancel a *lis pendens*. Plaintiff seeks to enjoin the moving defendant from erecting a public garage upon its property. Plaintiff is the owner of the adjoining premises. The property is in a zone restricted against public garages, but the board of standards and appeals pursuant to resolution granted a permit for the erection of a public garage on the defendant's property. It is claimed that the action taken by the board of standards and appeals is invalid, among other reasons, because of the fact that, although required to give public notice, it failed to notify plaintiff. Section 120 of the Civil Practice Act allows a *lis pendens* to be filed in " an action brought to recover a judgment affecting the title to, or the possession, use, or enjoyment of real property." The question is whether this action comes within that provision.

The zoning resolution has the force and effect of law whereby the uses to which the property may be put are very greatly restricted. (*Anderson* v. *Steinway & Sons*, 178 App. Div. 507, 512; affd., 221 N. Y. 639.) It has also been held that " there can be no doubt that such a restriction upon the uses to which the property may be put * * * would if imposed by a covenant found in the chain of title and running with the land, constitute an incumbrance." (*Anderson* v. *Steinway & Sons*, 178 App. Div. 513.) If an adjoining property owner seeking to enforce a restrictive covenant is entitled to file a *lis pendens* against the property affected, the same right should be accorded to one seeking to enforce a zoning restriction in which he is directly interested.

The case relied upon by the defendant is inapplicable. *McManus* v. *Weinstein* (108 App. Div. 301, 302) is merely authority for the proposition that, in an action to remove an encroachment on plaintiff's land a *lis pendens* is not proper, for " the title of the defendants to the property described in the notice is not questioned. The plaintiff makes no claim to said property nor does he claim to be entitled to its possession, use or enjoyment. What he objects to is that the defendants are using plaintiff's property which they have no right to use, and which he asks that the defendants be restrained from doing. There is, therefore, nothing in any judgment that can be entered in this action which could in any way affect the title of the defendants to their property, or their right to its possession, use or enjoyment." (See, also, *Moeller* v. *Wolkenberg*, 67 App. Div. 487; *Lafayette Forwarding Co.* v. *Rothbart Garage Operators*, 205 id. 247; *Bienstock* v. *Nista Const. Co.*, 225 id. 534.)

Motion to cancel *lis pendens* is, therefore, denied.