GEORGE A. SCHWAB and Others, Respondents, *v.* WHITMORE, RAUBER AND VICINUS COMPANY, INC., and Others, Defendants, Impleaded with HENRY M. FAIRBANKS and Others, Appellants.

Fourth Department, June 26, 1935.

*John Van Voorhis' Sons* [*John Van Voorhis* of counsel], for the appellants.

*Skivington & Skivington* [*George J. Skivington* of counsel], for the respondents.

THOMPSON, J. In an action to foreclose a mortgage upon a plotted tract of land, the complaint alleges that certain defendants, to whom lots have been sold, claim to have the right to enforce certain building restrictions against the premises described in the complaint, which consist of unsold lots, and asks judgment that such claims be cut off. The appealing defendants are the owners of three lots in the tract, and they assert in their defense a right to enjoy, exercise and enforce a uniform plan of restrictions impressed against the entire tract by the mortgagor, who was their grantor.

The mortgage recites that the mortgagor " shall have the privilege of subdividing said property," and is senior in record to the uniform plan of restrictions. This is an appeal from the order of the Special Term, striking out this defense as insufficient in law.

Appellants' lots have been released from the mortgage. The releases were made after the plan of restrictions was recorded, and they contain the following recital: " Together with the hereditaments and appurtenances hereunto belonging." The statute so prescribes. (Real Prop. Law, § 258, schedule P.) The answer avers that the mortgagees had notice of the restrictions when they executed the releases, and that the releases must be interpreted in the light of such notice. It is the claim of defendants that, as to their lots, this clause in the deed of release raised the lien of the mortgage from the restrictive rights which were imposed upon all the lots in the subdivision in favor of each other, and confirmed them in defendants, and their successors in title.

The owners of lots on a block may be mutually bound in equity by a plan, established by parol and acted on, as to setting back buildings from the street line, if they purchase with notice. ( *Vogeler* v. *Alwyn Improvement Corp.*, 247 N. Y. 131, 136; *Tallmadge* v. *East River Bank*, 26 id. 105.)

Covenants or conditions in a deed which restrict the use of premises for the benefit of all the lot owners in the same tract, create an easement in the lots conveyed in favor of other lot owners, and are covenants running with the land. ( *Evangelical Lutheran Church* v. *Sahlem*, 254 N. Y. 161; *Trustees of Columbia College* v. *Lynch*, 70 id. 440, 448; *Atlantic Dock Co.* v. *Leavitt*, 54 id. 35; 7 R. C. L. 1115; *Hills* v. *Miller*, 3 Paige Ch. 254, 257.)

An easement is an appurtenance, and passes under a recital in a deed reading, " with the appurtenances thereto," without specific mention or description. ( *Spencer* v. *Kilmer*, 151 N. Y. 390, 398; *Hague* v. *Inhabitants of West Hoboken*, 23 N. J. Eq. 354.)

We conclude that the defense is good in law.

The order should be reversed, with ten dollars costs and the disbursements of this appeal.

All concur, except CROSBY, J., who dissents and votes for affirmance. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.