GREAT NECK TRUST Co., Plaintiff, *v.* BRIARWOOD DEVELOPMENT Co., INC., and Others, Defendants.

County Court, Nassau County, December 13, 1937.

*Charles R. Weeks,* for the plaintiff.

*Lee & Vaughan,* for the defendant Prudential Insurance Company.

JOHNSON, J. In an action to foreclose a mortgage upon real property, the plaintiff moves for an order treating the amended answer of the defendant Prudential Insurance Company of America as a nullity, or, in the alternative, for an order striking out the defense contained in paragraph second of such amended answer. It appears from the complaint that the mortgage sought to be foreclosed was made in December, 1925, with a description covering certain acreage at Great Neck, Nassau county, and that thereafter several parcels of the mortgaged premises were released by the mortgagee from the lien of the mortgage by descriptions referring to the premises thus released as being shown on a map of the property made in March, 1926. In this foreclosure action a sale of the premises remaining which have not been thus released is sought.

The defendant Prudential Insurance Company of America is the owner of certain of the parcels thus released. It sets up in the first paragraph of its amended answer that the mortgagor, or its grantee, caused the mortgaged premises to be laid out and subdivided and a map thereof to be filed in the county clerk's office, and that the mortgagee, or its assignor, released from the lien of the mortgage various parcels of the mortgaged real property, and in paragraph second of its amended answer sets forth the form of such release. In each case the release was in the statutory short form (Real Prop. Law, § 258). It released each particular parcel by reference to the aforesaid map of the subdivision, "together with the hereditaments and appurtenances thereunto belonging."

In the case of *Schwab* v. *Whitmore, Rauber & Vicinus Co., Inc.* (245 App. Div. 174), the Appellate Division of the Fourth Department passed upon a similar motion and granted it. In that case the mortgage recited that the mortgagor should have the privilege of subdividing the mortgaged property. Subsequently the mortgagor did subdivide the property under the subdivision map with a uniform plan of restrictions. After such plan had been recorded, the mortgagee released certain parcels of the mortgaged premises, which release contained the clause "together with the hereditaments and appurtances hereunto belonging." The defendants alleged in their answer that the mortgagee had notice of the uniform

plan of restrictions when they made the releases. Under those restrictions, easements were created which constituted covenants running with the land. An easement being an appurtenance, the court held that those easements passed under the recital in the releases "with the appurtenances thereto," and that, therefore, the owners of the parcels thus released were entitled to enforce those easements and could not be cut off of that right by foreclosure of the mortgage.

It does not appear from the decision of the Appellate Division in that case whether the releases there involved were in the same form as those in the instant case. In this case, to be sure, each release conveyed the premises by reference to the map, "together with the hereditaments and appurtenances thereunto belonging." Had the release contained no further provision it would necessarily follow under the decision cited that it operated to convey or confirm to the owner of the released property the easements which had been created by the uniform plan of restrictions. In the present case, however, each release, still following the statutory form, recited further, "to the intent that the lands hereby conveyed may be discharged from said mortgage and that the rest of said land in said mortgage specified may remain to the party of the first part as heretofore."

The plaintiff here contends that the mortgagee, by making these releases, did not convey the easements in question, because it expressly provided in such release that the balance of the mortgaged premises should remain subject to the mortgage "as heretofore," which would necessarily mean free of such easements and restrictions. This contention is most cogent and might well be sustained if the defense in this case rested upon the releases alone. The defense, as set forth in the amended answer, however, goes much beyond the releases and sets forth a state of facts which is claimed to have created the equitable estoppel. The answer alleges in substance that the mortgage was made with the knowledge on the part of the mortgagee that the grantor was to subdivide the mortgaged premises and file a map of such subdivision with a uniform plan of restrictions for the purpose of selling the same for residential purposes; that following the making of the mortgage the owner made and filed such map and plan of restrictions and, in doing so, "relied upon the consent of the mortgagee in said mortgage;" and that the defendant acquired the lots which it now owns in reliance upon that consent and upon the releases of its lots in accordance with such consent. As this motion is directed to the face of the answer, the allegations of the answer must be taken as true for the purposes of determining the present motion. It must,

therefore, be assumed that the mortgagee in the mortgage consented to the making and filing by the owner of the subdivision map and plan of restrictions and the making of the releases in accordance with such consent after such map and plan had been made and recorded to the knowledge and with the consent of the mortgagee. That being the case, the releases must be read in the light of the situation claimed by the defendant to have existed when those releases were made. That situation, according to the allegations of the answer, is as follows: When the mortgage was made the mortgagee knew of the owner's plan to subdivide and restrict, consented to it and consented to release in accordance therewith. The map and plan were filed and recorded accordingly, to the knowledge and with the consent of the mortgagee, who then made the releases with reference to such map and plan and released and conveyed not only the land particularly described in each release, but the appurtenances also, including the easements.

Upon the face of the answer, therefore, I am of the opinion that the defendant has alleged facts which, if proven, might create an equitable estoppel, and for that reason the motion to strike out must be denied.