PENATAQUIT ASSOCIATION, INC., et al., Plaintiffs, *v.* VERN L. FURMAN et al., Defendants.

Supreme Court, Special Term, Suffolk County, November 30, 1953.

*Robbins, Wells & Walser* for Mabel D. Sands, defendant.
*McInerney & McInerney* for plaintiffs.

RITCHIE, J. This is a motion for an order vacating the *lis pendens* heretofore filed in this action or, in the alternative, to compel plaintiffs to post a bond to indemnify defendant owners in the case of plaintiffs' failure to successfully prosecute this cause. The action is for a declaratory judgment and is brought by a group of property owners, some of whom are banded together in a membership corporation known as the Penataquit Association, Inc. The defendants Sands and Bayslip Realty Corp. are the owners of property affected by a change in the zoning law made by other defendants as members of the town board of the town of Islip. Defendant Smith is the town building inspector charged with enforcement of zoning restrictions.

Prior to December, 1952, both pieces of property were zoned as residential property. In December, 1952, and June, 1953, the properties of defendants Sands and Bayslip, respectively, were rezoned by the town board as business property. This action is brought to declare the action of the board illegal and the resultant change null and void, and to restrain the use of said property for business purposes. In connection with the commencement of the action a notice of pendency was filed affecting the two pieces of property mentioned above.

Section 120 of the Civil Practice Act provides that a *lis pendens* may be filed in an action brought to recover a judgment affecting the title to, or the possession, use or enjoyment of real property. Determination of this application depends, therefore, upon whether the action may be held to affect the title to, or the possession, use or enjoyment of the premises in question. It may readily be seen that no matter who succeeds in the action, the title to the property will not be affected, nor will the owner's right to possession be disturbed. It is another thing to hold that its use or enjoyment will not be impaired.

Any decision on a motion of this nature is controlled by the cause of action set forth in the complaint. (*Klunder* v. *Hansen,* 190 Misc. 294; *Moeller* v. *Wolkenberg,* 67 App. Div. 487.) The complaint herein seeks to have declared null and void the action of the town board in changing the zoning laws affecting the property in question. At present, assuming *arguendo* that the zoning change is legal, the property may be used for business purposes. As such it may have a far greater value than if it were zoned as residential property. Conversely, assuming the zoning change to be void, and the court expresses no opinion in that respect, the property would once again be restricted for residential purposes only. Can it be said, therefore, that the outcome of this case will not affect the use or enjoyment

of these premises? True it is that if defendants prevail no intervening purchaser would have been damaged, but if the property were to be sold and subsequent to such sale the plaintiffs were successful in their action, a very great harm may result to an innocent purchaser by a reversion of the property into a residential zone.

Only one case has been brought to the court's attention where the filing of a *lis pendens* in a case involving a zoning dispute was sustained and no additional cases in point have been discovered upon independent research. In the case of *Ottinger* v. *Arenal Realty Corp.* (146 Misc. 847, 848), the court at Special Term held: " The zoning resolution has the force and effect of law whereby the uses to which the property may be put are very greatly restricted. * * * ' there can be no doubt that such a restriction upon the uses to which the property may be put * * * would if imposed by a covenant found in the chain of title and running with the land, constitute an incumbrance.' * * * If an adjoining property owner seeking to enforce a restrictive covenant is entitled to file a *lis pendens* against the property affected, the same right should be accorded to one seeking to enforce a zoning restriction in which he is directly interested."

I am constrained to hold that the instant case may result in a judgment which will affect the use or enjoyment of the property against which the *lis pendens* has been filed and that the *lis pendens* is, therefore, authorized and proper. No authority is offered, and I know of none, which would support defendants' prayer for alternative relief compelling the plaintiffs to post a bond to indemnify defendant owners in the event plaintiffs fail to succeed in this action. Accordingly, the motion is in all respects denied.