Edgar J. Nathan, J.
On this application defendants move for summary judgment, to dismiss both causes of action alleged in the complaint and to cancel a lis pendens. Plaintiff is the owner of an apartment building at 1150 Pelham Parkway in *691 The Bronx, New York. Defendants purchased the adjacent land for the purpose of erecting an apartment house thereon. The zoning ordinance applicable to one third of the frontage of defendants’ property prohibited the erection of the proposed building. Defendants, however, obtained a variance from the zoning ordinance from the Board of Standards and Appeals on July 8, 1958, and commenced construction. Plaintiff, who appeared before the board and entered its objections, petitioned this court and obtained an order of certiorari on August 6, 1958 from the board’s ruling. Plaintiff thereafter and on September 23, 1958, commenced this suit by filing a lis pendens, a summons and a complaint, seeking in the first cause of action to enjoin defendants from constructing their building in violation of the zoning ordinance, and in the second cause of action for trespass, seeking damages and an injunction.
Summary judgment on the first cause of action is denied, but the motion to dismiss that cause for insufficiency under rule 106 of the Rules of Civil Practice is granted. The first cause of action alleges the action of the Board of Standards and Appeals in granting the variance was illegal and made without authority. Applications for variances are solely within the jurisdiction of the Board of Standards and Appeals and the facts presented do not establish that the board lacked jurisdiction in granting the variance. Under these circumstances, certiorari is the sole method of review (see Baddour v. City of Long Beach, 279 N. Y. 167, 177), and a stay could have been sought therein pursuant to section 668e-1.0 of the Administrative Code of the City of New York. The certiorari proceeding is an adequate remedy at law which bars this action for equitable relief (Town of Greece v. Smith, 256 App. Div. 886).
The second cause of action alleges damages for trespass and in addition asks for an injunction. The affidavits submitted raise a question of fact as to the issue of trespass and the motion for summary judgment as to this cause of action is therefore denied. That branch of the motion which seeks a dismissal of the second cause of action pursuant to rule 107 of the Rules of Civil Practice on the ground of another action pending, is also denied. The prior action in the Municipal Court is not between the same parties, for the same cause nor for the same relief.
Defendants also move to cancel the lis pendens filed pursuant to section 120 of the Civil Practice Act. This section provides that a lis pendens may be filed “In an action brought to *692 recover a judgment affecting the title to, or the possession, use, or enjoyment of real property”. The filing of a Us pendens is an extraordinary privilege, and the statute granting it, section 120 of the Civil Practice Act, should be strictly construed (see Israelson v. Bradley, 308 N. Y. 511, 516). In addition to damages the second cause of action seeks an injunction permitting the entry on to defendants’ land for the purpose of repairing plaintiff’s building. Such “use” of defendants’ property, under the circumstances here presented, is not that contemplated by section 120, and this branch of the motion is granted (see McManus v. Weinstein, 108 App. Div. 301; Gregdon Corp. v. Fierro, 206 Misc. 530). The notice of pendency is directed to be cancelled.
Settle order in accordance with the foregoing.