Arthur D. Brennan, J.
The first two named defendants move to vacate, as improper and unauthorized, a lis pendens filed in this action on April 6, 1959 or, in the alternative, that the undertaking given and filed to effect the cancellation of a prior lis pendens heretofore filed in this action on March 24, 1959 be extended and made applicable- to the recent or new lis pendens filed on April 6, 1959 and that said last-mentioned lis pendens be then cancelled.
The recent or new lis pendens was filed, as aforesaid, simultaneously with the filing of a second amended verified complaint, the issuance and service of which was authorized by Mr. Justice Coyne on April 3, 1959. With respect to the defendants’ contention that the original lis pendens herein having been cancelled upon the filing of the required undertaking as fixed by Mr. Justice Coyne, the filing of a new lis pendens was improper and unauthorized, this court holds that to the extent that the second amended verified complaint alleges new or additional causes of action which fall within the purview of section 120 of the Civil Practice Act and were not contained in the original complaint, a new lis pendens could be and was properly filed, even though good workmanship and proper practice would require that the new lis pendens state that it is being filed for the purpose and to the extent of such new and additional causes of action.
Under the primary relief prayed for, it remains necessary to determine whether the new causes of action (consisting of the seventh, eighth and ninth causes) alleged, in the said second amended complaint are of such a nature as to permit and authorize the filing of a lis pendens. Such determination cannot involve the merits of the cause but is controlled solely by the allegations of the complaint wherein said cause of action is alleged. (Richards v. Chuba, 195 Misc. 732 and cases cited therein.) In this court’s view, the seventh cause of action being *448 an action at law for money damages only, is insufficient to uphold the right to file a Us pendens. So, too, the ninth cause of action wherein the plaintiff seeks a judgment requiring the individual defendant, Bishop, to account for acts of misconduct and waste alleged to have been committed by him as president of the first-named corporate defendant, is also insufficient to uphold a Us pendens. However, in this court’s opinion the eighth cause of action seems sufficient for said purpose in that the relief therein sought would require an affirmative declaration or adjudication that the proposed sale of the subject realty, if allowed to be made and consummated would constitute a conveyance in fraud of creditors, inclusive of the plaintiff, and that both the seller and purchaser named in such sale are aware of or chargeable with knowledge of the fact that the same is fraudulent against creditors. To this latter extent, title to the premises (which are the subject of such alleged fraudulent sale) is involved and a Us pendens is authorized. (Cf. Penataquit Assn. v. Furman, 204 Misc. 960.)
Turning now to the alternate relief prayed for with respect to the new Us pendens above held valid to the extent only of the eighth cause of action, it may be noted that on a motion to bond a Us pendens under section 124 of the Civil Practice Act, the court may consider the merits, the good faith of the plaintiff and the possibility of his being successful. (Deitch v. Atlas, 132 N. T. S. 2d 806, 811.) The eighth cause of action, by incorporating therein the allegations of paragraph “ sixty-sixth ”, alleges that the plaintiff is a creditor to the extent of $5,600. But even if the plaintiff be granted the benefit of every doubt on this last-mentioned claim, his rights as a creditor in that amount would be fully protected against an alleged fraudulent conveyance, by the furnishing of a bond in a sum sufficient to cover his said claim and such a bond need not be in a sum equal to the alleged value of the subject realty.
Accordingly, the motion for the primary relief sought herein is denied with respect to the eighth cause of action alleged in the second amended complaint and in all other respects, said primary relief is granted. As to the alternate relief prayed for, the motion is granted to the extent that the movants shall have leave to furnish and file an additional undertaking in the sum of $6,000 and thereupon, the Us pendens of April 6, 1959 shall be cancelled. The furnishing and filing of said additional undertaking and the resulting cancellation of the recent Us pen-dens of April 6, 1959, shall all be and remain without prejudice to the rights of the plaintiff under the former undertaking of $15,000 heretofore furnished and filed to effect the cancellation *449 of the original lis pendens of March 24, 1959 filed with respect to the first six causes of action alleged in the original complaint herein and which six causes are repeated in the second amended complaint.
Settle order on notice.