Van Voorhis, J.
This appeal concerns the construction of section 120 of the Civil Practice Act. Special Term granted defendants’ motion to cancel a notice of lis pendens but on the filing of an undertaking for $10,000. Both sides appealed to the Appellate Division, the plaintiffs being aggrieved by the cancellation of the lis pendens and the defendants by so much of the order as directed the filing of the undertaking as a condition of the cancellation. The Appellate Division reinstated the lis pendens. Only the defendants appeal to this court.
Both Special Term and the Appellate Division considered that the filing of the lis pendens was proper, differing only concerning whether it should be lifted by the substitution of an undertaking for $10,000.
In our view section 120 of the Civil Practice Act does not entitle plaintiffs to file a lis pendens and it should have been cancelled unconditionally. The complaint alleges that defendants, owners and developers of a subdivision adjoining plaintiffs’ real estate, collected and diverted surface water, dumping it on plaintiffs’ property to their damage. A mandatory injunction is sought to compel the elimination of the conduits through which it is alleged that the surface water was dumped on plaintiffs’ land and the complaint asks for damages and other relief.
The notice of pendency was filed by plaintiffs against the tract of land owned and being developed by defendants, on the theory that the judgment which they seek would limit the use which defendants could legally make of their land and that consequently it would affect “ the title to, or the possession, use or enjoyment of real property ” within the authorization of section 120 of the Civil Practice Act.
It goes without saying that this is not the classical case of authorization to file a lis pendens. Plaintiffs are claiming no *305 right, title or interest in the lands of defendants against which the Us pendens was filed; they simply contend that defendants have created a nuisance to the detriment of plaintiffs’ land by collecting and dumping surface water on it. This is actionable, not in order to determine a claim of title to real property but as a tort (Noonan v. City of Albany, 79 N. Y. 470).
The cases hold that a notice of Us pendens cannot be filed where the party who has filed it claims no right, title or interest in or to the real estate against which it is filed, and where the suit concerns simply some encroachment or wrong perpetrated by defendants on plaintiffs’ land (Hailey v. Ano, 136 N. Y. 569, 575-577; O’Connor v. Long, 283 App. Div. 887; Starkie v. Nib Constr. Corp., 235 App. Div. 699; McManus v. Weinstein, 108 App. Div. 301; Ackerman v. True, 44 App. Div. 106; 120 App. Div. 172,174-176).
Plaintiffs are claiming no interest in defendants’ tract of land, they merely seek to prevent defendants from committing a wrongful act against plaintiffs. It does not give a right to file a Us pendens that the wrong is perpetrated by defendants in order to benefit their own real estate. The usual object of filing a notice of Us pendens is to protect some right, title or interest claimed by a plaintiff in the lands of a defendant which might be lost under the recording acts in event of a transfer of the subject property by the defendant to a purchaser for value and without notice of the claim. This is not that kind of situation. The object of plaintiffs here is either merely to embarrass the defendants or to tie up their real estate so as to obtain security for the payment of a judgment for damages if they succeed in obtaining it. If it could be shown that defendants were about to render themselves judgment proof by transferring property in fraud of creditors, an attachment might be obtained, but that is not what is being done here. The theory of preventing sales of lots in the tract by defendants by a Us pendens is not that defendants are likely to become insolvent but rather that there is an issue affecting the title or right to enjoyment of the defendants ’ real property.
Cases involving restrictive covenants against the subject property or use in violation of zoning restrictions are irrelevant (Penataquit Assn. v. Furman, 204 Misc. 960, affd. 283 App. Div. 894; Ottinger v. Arenal Realty Corp., 146 Misc. 847). Restric *306 tive covenants relate to rights in the subject property (Schwab v. Whitmore, Rauber & Vicinus Co., 245 App. Div. 174).
Bienstock v. Nista Constr. Co. (225 App. Div. 534) does not support plaintiffs’ contention. There the plaintiff claimed a right in defendants’ adjoining land for the construction of a retaining wall thereon to afford the plaintiff lateral support for her premises. That ease related to a claim by a plaintiff in property of defendants against which the lis pendens was filed. Lerrberger v. Hennessey Realty Co. (154 App. Div. 158, affd. 214 N. Y. 659) involved a similar situation.
Here there is no possibility that a transfer of defendants’ lands would entitle the purchaser to continue the nuisance. The conduits whereby the surface water is impounded and cast upon plaintiffs’ land are in existence, they are open and notorious and could not in any event be maintained by a purchaser in the absence of consent by plaintiffs to receiving the surface water if the allegations in the complaint are established in an injunction action against the purchasers. A cause of action for damages would still lie against the defendants who constructed the conduits as well as against purchasers for an abatement of the nuisance and further damages if they continued to dump their surface water on plaintiffs without the latter’s consent An action to abate a nuisance is not one affecting the title to, or the possession, use or enjoyment of real property. To hold that the defendant owners may not wrongfully use their property to the injury of their neighbors does not involve the kind of restrictions on use or enjoyment designed by section 120 of the Civil Practice Act as furnishing the basis for the filing of a lis pendens.
The order of the Appellate Division should be reversed, with costs, defendants’ motion to cancel the Us pendens granted and the question certified answered in the negative.