Burke, J. (dissenting).
We dissent and vote to affirm. Both Special Term and the Appellate Division have found that the Us pendens had been properly filed, since a judgment rendered against the appellants might affect the use and enjoyment of the land.
We agree with the courts below. Section 120 of the Civil Practice Act, which provides that a plaintiff is entitled to file a Us pendens “ In an action brought to recover a judgment affect *307 ing the title to, or the possession, use, or enjoyment of real property ”, authorized the filing of a Us pendens in this action, wherein a judgment against appellants will require the abatement of a nuisance arising out of the use of the “ Bussell Woods ” property.
Where the judgment sought is one affecting the use of the property (Pentaquit Assn. v. Furman, 204 Misc. 960, affd. 283 App. Div. 894), and where the complaint pleads a cause of action requiring a judgment enjoining the “ use ” of the real property in the lis pendens (Bienstock v. Nista Constr. Co., 225 App. Div. 534; Leerburger v. Hennessey Realty Co., 154 App. Div. 158, affd. 214 N. Y. 659), a lis pendens may be filed.
In this case plaintiffs, if they prove their case, will be entitled to injunctive relief (Davis v. Niagara Falls Tower Co., 171 N. Y. 336). The complaint seeks to restrict the use to which the “ Bussell Woods ” property is being put and demands an injunction directing a change in the condition of the land. The defendant developer of the “ Bussell Woods ” property, which adjoins property owned by plaintiffs, it is alleged, altered the contour, elevations and grades of “Bussell Woods” so that surface waters were directed towards and upon plaintiffs’ property; furthermore, by the reversal of drainage, and the construction of a conduit, defendant has trapped water and materials and channeled them to and upon plaintiffs’ property.
According to the reasoning of the appellants, purchasers of homes, including the 13 purchasers whose closings are pending, would, nevertheless, take subject to the nuisance action even though the lis pendens has been cancelled. This idea is contrary to the stated purpose of the legislation which was adopted so that judgments would affect land only if a lis pendens had been filed.
The filing of a notice of pendency of action not only was devised to guard plaintiffs’ interest in the real property which is the subject of the litigation, but also to protect purchasers by giving them notice that the land which they are buying might be affected by a judgment, later entered in a pending action, by which they would be bound.
To accept appellants’ interpretation of the statute is to disregard not only the plain language of section 120 of the Civil Practice Act, but to ignore its very purpose. According to *308 appellants, a developer who created a nuisance damaging adjoining property could sell the houses owned by it in the development free from the threat of a lis pendens and thereby impose the responsibilities of correcting the nuisance on the purchasers of the houses. The judgment, when entered in the action, would affect the use of property no longer owned by the developer.
Although the filing of the notice does not bar alienation or transfer of property remaining in the ownership of the developers, it alerts the purchaser to the risks attached to the transaction and always precludes defeat of the plaintiff’s interest in the property through the alienation or transfer by defendant during the pendency of the action.
The statute when read literally provides such protection. The remedy is denied here by an interpretation inconsistent with both the language and the purpose of the statute.
Judges Fuld, Froessel and Foster concur with Judge Van Voorhis; Judge Burke dissents in an opinion in which Chief Judge Desmond and Judge Dye concur.
Order of Appellate Division reversed, with costs in this court and in the Appellate Division, and matter remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the negative.