John P. Cohalan, Jr., J.
Motion by defendant to cancel a notice of pendency of action is granted. Plaintiff is the owner of the subject property. Defendant is the holder of a purchase-money mortgage on the property. Plaintiff has instituted an action for a judgment rescinding a contract of sale and for a cancellation of the bond and second mortgage executed by plaintiff to defendant. It appears from the papers before the court that plaintiff is not entitled to file a notice of pendency of action herein. See Starkie v. Nib Constr. Corp. (235 App. Div. 699 [2d Dept.]): “ Order reversed on the law, with ten dollars costs and disbursements, and motion granted. Civil Practice Act, § 120 [amd. by L. 1929, ch. 337], did not authorize the filing of a Us pendens. No claim is made in the complaint against the property of the defendant. (Ackerman v. True, 44 App. Div. 106; McManus v. Weinstein, 108 App. Div. 301.) ”
This action does not permit or warrant the use of a notice of pendency of action. An assignee of the bond and mortgage referred to in the complaint is subject to the same defenses as the assignor, with or without the filing of the notice of pendency. See New York Jurisprudence, Mortgages and Deeds of Trusts (Vol. 38, § 200, pp. 38L-385): “ The assignee of a mortgage, even if he is a bona fide purchaser, takes the mortgage subject to the equities, defenses (legal and equitable), counterclaims, and set- *1043 offs existing "between the original parties to the mortgage. The rule applies not only where the assignee brings an action to foreclose the mortgage, but also where he seeks to recover upon the real-estate mortgage bond. For example, the mortgagor, as against the assignee, may invoke the defense that the mortgage is invalid for fraud, usury, or lack of or illegality of consideration. In the case of a failure of consideration, the assignee may enforce the mortgage only to the amount actually paid by the mortgagee to the mortgagor ’ ’.