■ LUNNEY & CROCCO, Appellant, v MICHAEL WOLFE, Respondent.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on May 1, 1991, which, *inter alia,* granted a motion by respondent-respondent pursuant to CPLR 6514 for cancellation of a notice of pendency with costs and expenses pursuant to CPLR 6514 (c), and which denied sanctions sought pursuant to 22 NYCRR 130-1.1, unanimously affirmed, without costs.

Order, same court and Justice, entered on May 1, 1991, which referred petitioner's claim of a Judiciary Law § 475 charging lien and respondent's defenses thereto to the Special Referee, and which severed respondent's counterclaims, unanimously affirmed, without costs.

Order, same court and Justice, entered on May 3, 1991, which clarified the previous decision and order to the extent of determining that there was no legal impediment to the release of certain funds held in escrow, unanimously affirmed, without costs.

At the time the notice of pendency was filed, the petitioner law firm had obtained a judgment entitling the respondent to a divided and alienable one-half interest in the marital residence *(cf., Matter of Golden v Whittemore,* 125 AD2d 942). However, pursuant to the incorporated separation agreement, the former wife had the option to purchase respondent's interest therein, which she exercised. Prior to the scheduled closing, petitioner law firm filed a notice of pendency on the property. This special proceeding was brought to obtain a portion of the proceeds of the sale of respondent's interest in the marital real property, and as such was not an action that would directly affect title to, or possession, use or enjoyment of the real property in question and accordingly, the notice of pendency was properly cancelled *(see, e.g., Piccirillo v Ravenal,* 161 AD2d 253, *lv dismissed* 76 NY2d 935). Despite the lack of subjective bad faith on the part of the petitioner, costs and expenses were properly awarded pursuant to CPLR 6514 (c). Despite the ambiguous wording of the decision and order, noted by the petitioner on appeal, we do not interpret the order as having awarded sanctions pursuant to 22 NYCRR 130-1.1.

Because the notice of pendency was properly cancelled, and because petitioner does not offer any independent argument as to the second and third orders on appeal, we find no reason to disturb either of those orders. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.