**RICHARD J. ZITZ, INC., Plaintiff,**

v.

**Leonel Bernadino Dos Santos PEREIRA,
and Peter T. Podlas, Defendants.**

No. CV–97–0575.

United States District Court,
E.D. New York.

May 19, 1997.

John L Ciarelli, Ciarelli & Dempsey, Melville, NY, for Leonel Bernadino Dos Santos Pereira.

Marie Ann Hoenings, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY, for Peter T. Podlas.

### MEMORANDUM OPINION AND ORDER

BOYLE, United States Magistrate Judge.

Before the court are the plaintiff's motion for a preliminary injunction to enjoin the sale of premises owned by the defendant, Pereira, at 45 Noyac Path, in Watermill, New York, and a cross-motion by the defendant, Pereira, to vacate notices of pendency filed by the plaintiff against the real property owned by him at the same location.

#### The Underlying Action

The plaintiff, Richard J. Zitz, Inc., ("Zitz") has commenced an action for copyright infringement, 17 U.S.C. § 501 *et seq.*, against the defendants, Leonel Bernadino Dos Santos Pereira ("Pereira"), and Peter T. Podlas ("Podlas"). The president of Zitz, Richard J. Zitz, alleges that he designed certain house, plans and specifications entitled "Town House II," which are registered under the Architectural Works Copyright Act, 17 U.S.C. § 700 *et seq.* The defendant Pereira is allegedly a house painter who Zitz hired in 1991 to do interior painting on another house that Zitz had designed and constructed in Bridgehampton. Zitz maintains that Pereira wanted Zitz to build a house for him based on the plans, drawings and specifications of Town House II, and that it assisted Pereira in locating a suitable lot for construction of the house at 4 Uncle Leo's Lane in Southampton. Zitz and Pereira thereafter were unable to agree on a contract and the matter was pursued no further.

Zitz states that he "first became aware of ... [Pereira's] intention to proceed with construction of the home on his own using all of the plans, drawings, and specifications obtained from plaintiff, in late January of 1993, when plaintiff's president happened on the defendant Pereira in the Southampton Town Public Library photocopying the contract,

Daniel Burke, Galgano & Burke, Hauppauge, NY, for Richard J. Zitz, Inc.

plans and specifications owned and produced by plaintiff." *Amended Complaint,* at ¶ 15.

Zitz claims that Pereira submitted its Town House II plans and drawings to the Building Department of the Town of Southampton on May 25, 1993. The house was to be constructed on the property at 4 Uncle Leo's Lane in Southampton, owned by Pereira. The defendant, Podlas, is a licensed architect who was allegedly hired by Pereira and prepared the plans and specifications that were submitted to the building department, and which were "directly copied and derived from the plans, drawings and specifications of Town House II owned by Zitz." *Amended Complaint,* at ¶ 17.

Construction on the house at 4 Uncle Leo's Lane allegedly began in June 1993 and was completed in October 1994. Zitz alleges that thereafter Pereira and Podlas made a similar submission of plaintiff's plans to the Building Department of the Town of Southampton on October 16, 1995 to construct a house at 45 Noyac Path, Watermill, New York.

This is the house for which Zitz seeks a preliminary injunction—to enjoin the defendants from "selling transferring ... encumbering or otherwise causing waste of the house...." *Order to Show Cause for a Preliminary Injunction,* dated April 11, 1997.

The Amended complaint requests compensatory damages in the sum of "at least $100,000.00," *see Amended Complaint,* at ¶ 26, as well as "all profits of the infringers," pursuant to 17 U.S.C. § 504. *Amended Complaint,* at ¶ 29. In addition, Zitz seeks to enjoin the defendants from any future infringement of its Town House II plans, drawings and specifications. *Amended Complaint Prayer for Relief,* at ¶ 4.

### DISCUSSION

I. *The Preliminary Injunction Request*

The standard for granting injunctive relief in this circuit is clear. A plaintiff must establish "(a) irreparable harm and (b) either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the prelimi-

nary relief." *Jackson Dairy, Inc. v. H.P. Hood & Sons. Inc.,* 596 F.2d 70, 72 (2d Cir.1979) (*per curiam* ).

The essential elements of a copyright infringement case are (1) ownership of a valid copyright, and (2) unauthorized reproduction by the defendant of constituent elements of the work that are original. *Warner Bros., Inc. v. American Broadcasting Cos.,* 654 F.2d 204, 207 (2d Cir.1981). A certificate of registration constitutes *prima facie* evidence of a valid copyright. The "possession of a registration certificate creates a rebuttable presumption that the work in question is copyrightable." *Whimsicality, Inc. v. Rubie's Costume Co.,* 891 F.2d 452, 455 (2d Cir.1989). The second element may be established by direct evidence of copying, which is rare, *Demetriades v. Kaufmann,* 680 F.Supp. 658, 661 (S.D.N.Y.1988), or by showing access by the defendant to the copyrighted work, *Smith v. Little Brown & Co.,* 245 F.Supp. 451 (S.D.N.Y.1965), *aff'd,* 360 F.2d 928 (2d Cir.1966), and substantial similarity. *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.,* 558 F.2d 1090 (2d Cir.1977); 3 *Nimmer on Copyright,* § 13.01[B], at 13–14. Lastly, in a copyright infringement case, irreparable harm is presumed once the plaintiff has established a *prima facie* claim. *Hasbro Bradley, Inc. v. Sparkle Toys, Inc., supra,* 780 F.2d at 192.

1. *Zitz Has Failed to Submit Proof to Support the Issuance of a Preliminary Injunction*

The Order to Show Cause is based on the complaint, and the sworn testimony of the plaintiff, Richard J. Zitz, at the hearing on March 19, 1997. The testimony of Zitz's President on March 19, 1997 was given at the first day of a hearing on its application for a preliminary injunction with respect to the now dismissed action, CV–96–2337. Zitz does not attach a copy of such testimony to his moving papers. The court notes that cross-examination of the plaintiff had not been completed by the defendants, and the hearing never resumed due to the intervening dismissal of the 1996 action by Judge Platt. The only other documents supporting the application for a preliminary injunction

are those submitted by Zitz's counsel in the form of legal memoranda and the complaint, neither of which serve as a substitute for evidence.

Although this matter was set down for a hearing on April 18, 1997, Zitz at that time called 'no witness, made no submission by affidavit or deposition, and made no request for an evidentiary hearing, resting instead on the oral argument and supporting legal memoranda. Zitz's proof is insufficient to support the issuance of a preliminary injunction in a copyright infringement case. *Uneeda Doll Co. v. P & M Doll Co.*, 241 F.Supp. 675 (S.D.N.Y.1965), *aff'd*, 353 F.2d 788 (2d Cir. 1965) (no showing of likelihood of success is grounds for denial); *Herbert Rosenthal Jewelry v. Grossbardt*, 428 F.2d 551, 553–54 (2d Cir.1970) (no need for a hearing on a motion for preliminary injunction where defendant admitted the copying and both parties submitted affidavits and depositions).

Moreover, during the course of the plaintiff's testimony on March 19, 1997, it was clear that Zitz's President had not observed Pereira engage in photocopying of its house plans and specifications at the Southampton Town Public Library in January 1993. Transcript of the Proceedings on March 19, 1997, at 81–83. Accordingly, the sole proof of direct copying alleged in the complaint is a false statement. There is no evidence before the court to support the second element of a copyright infringement cause of action, i.e. that the defendants engaged in the unauthorized reproduction of the copyrighted work. *See, Warner Bros., Inc. v. American Broadcasting Cos.*, 654 F.2d 204, 207 (2d Cir.1981). The issuance of a preliminary injunction is in the court's discretion. *Ideal Toy Corp. v. Fab-Lu Ltd.*, 360 F.2d 1021 (2d Cir.1966). Plaintiff fails to meet the applicable standard

for entitlement to preliminary relief in a copyright infringement action, i.e. a *prima facie* case of copyright infringement or a reasonable likelihood of success on the merits. *Consumers Union of U.S., Inc. v. General Signal Corp.*, 724 F.2d 1044 (2d Cir. 1983), *cert. denied*, 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984); *Apple Computer, Inc. v. Franklin Computer Corporation*, 714 F.2d 1240, 1254 (3d Cir.1983), *cert. dismissed*, 464 U.S. 1033, 104 S.Ct. 690, 79 L.Ed.2d 158 (1984).[1]

### 2. The Doctrine of Laches Applies

██ To fully understand the history of this litigation, reference must be made to a prior action involving the same parties and based on the same[2] alleged facts and transactions as the instant case. The prior action was commenced by the filing of a complaint (dated March 3, 1996) on May 6, 1996. Notwithstanding the issuance of a summons by the Clerk of the Court on the latter date, Zitz did not serve the summons and complaint on the defendant, Podlas, until January 23, 1997, more than eight months after he filed the complaint. Moreover, service was not completed on the defendant, Pereira, until March of 1997.

At no time did plaintiff seek an enlargement of time under Rule 4(m) or 6(b) of the Federal Rules of Civil Procedure to effect service. The 120 days afforded to serve the defendants therefore expired on or about September 6, 1996. The defendants moved to dismiss the complaint under Rule 4(m) of the Federal Rules of Civil Procedure. The motion was granted by Memorandum Opinion and Order of Thomas C. Platt, *D.J.* on March 20, 1997,[3] on the ground that plaintiff had not shown good cause for the failure to effect service within 120 days of the filing of

---

**1.** Pereira relies on *Demetriades v. Kaufmann*, 680 F.Supp. 658 (S.D.N.Y.1988). The court there refused to enjoin construction of a house based on the infringing copying of plaintiff's architectural drawings in violation of The Copyright Act. The court notes that the house at 45 Noyac Path is completed and there is no request by plaintiff for such relief.

**2.** The difference between the 1996 action and the current one is that no reference was initially made in the 1996 action to the house at 45

Noyac Path in Water Mill. The 1996 complaint referred solely to the house constructed at 4 Uncle Leo's Lane in Southampton. By amended complaint dated February 14, 1997, the 1996 action was amended to include the house at 45 Noyac Path. *Amended Complaint*, 96–CV–2237, at ¶¶ 20–23.

**3.** The within 1997 action was commenced by Zitz on February 4, 1997, apparently in anticipation of a dismissal of CV–96–2239.

the complaint. The dismissal mooted out the plaintiff's pending motion for a preliminary injunction to prevent the sale of the house constructed at 45 Noyac Path, Water Mill, New York.

In both complaints Zitz claims that he became aware of Pereira photocopying his plans for Town House II in January 1993, more than four years ago. Nonetheless, it delayed approximately 3½ years before commencing the 1996 action (May 6, 1996). By that time, Pereira had built and sold the first allegedly infringing house in Southampton and had substantially completed the second house at Noyac Path which was listed for sale. Moreover, even after filing the 1996 complaint, Zitz did not effect service on Podlas until January 23, 1997–more than eight months after the action was commenced. Moreover, even if Zitz did not learn of the construction of the house at Noyac Path until October of 1996, it was not until January 1997 that he attempted to take any legal action.

The purpose of a preliminary injunction is to fill "an urgent need for speedy action to protect the plaintiff's rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust,* 756 F.2d 273, 276 (2d Cir.1985); *see also Century Time Ltd. v. Interchron Ltd.,* 729 F.Supp. 366, 369 (S.D.N.Y.1990) (six month delay in requesting preliminary injunction in infringement and trade dress case barred relief); *The Comic Strip v. Fox Television Stations, Inc.,* 710 F.Supp. 976, 981 (S.D.N.Y.1989) (seven month delay barred preliminary injunctive relief); *Ivy Mar Co. Inc. v. C.R. Seasons Ltd.,* 907 F.Supp. 547, 564 (E.D.N.Y.1995) (ten month delay bars preliminary injunctive relief). Thus, assuming *arguendo,* that Zitz had established a *prima facie* case, the presumption of irreparable injury is rebutted by Zitz's inexcusable delay in seeking to enforce its copyright.

## II. *The Motion to Vacate the Notices of Pendency*

Pereira moves to vacate two notices of pendency filed by Zitz against his real property located at 45 Noyac Path, Water Mill,

Suffolk County, New York ("subject property"). Zitz filed the notices of pendency in connection with the successive actions brought in this court [96–CV–2237 and 97–CV–575].

### A. *The Nature of a Notice of Pendency*

Section 6501 of the New York Civil Practice Law and Rules ("CPLR") provides that a "notice of pendency may be filed in any action in a court of the state or of the United States in which the judgment demanded would affect the title to, or the possession, use, or enjoyment of, real property...." *New York Civil Practice Law and Rules,* § 6501 (1980). The purpose of a notice of pendency is to place any subsequent purchaser of the real property on constructive notice that the property is the subject of pending litigation. CPLR 6501 further provides that "[a] person whose conveyance or encumbrance is recorded after the filing of the notice is bound by all proceedings taken in the action after such filing to the same extent as if he were a party." *Id.*

### B. *The Scope of a Notice of Pendency*

The notice of pendency provisions of the CPLR enable a plaintiff to "cloud a defendant's title merely by serving a summons and filing a proper complaint and notice of pendency stating the names of the parties, the object of the action, and a description of the action." *5303 Realty Corp. v. O & Y Equity Corp.,* 64 N.Y.2d 313, 318, 486 N.Y.S.2d 877, 881, 476 N.E.2d 276, 280 (1984) (referring to CPLR § 6511 subds. [c] and [b] ).

This is a powerful tool to a plaintiff since it is one of the few provisional remedies that permits a party to restrain the alienation of real property "without any prior judicial review." *Id.* It has been described as "an extraordinary privilege" *Israelson v. Bradley,* 308 N.Y. 511, 516, 127 N.E.2d 313 (1955); however, "[t]o offset the ease in which a party may hinder another's right to transfer property ... [the New York Court of Appeals] has required strict compliance with the statutory procedural requirements", *5303 Realty Corp., supra,* 64 N.Y.2d at 320, 486 N.Y.S.2d 877, 476 N.E.2d 276, and imposed "a narrow interpretation in reviewing wheth-

er an action is one affecting 'the title to, or the possession, use or enjoyment of, real property.' " *Id.* at 321, 486 N.Y.S.2d 877, 476 N.E.2d 276 (quoting CPLR § 6501).

On a motion to vacate, the court will look to the allegations of the complaint and the notice of pendency. *Id.* The likelihood of success on the merits is not relevant to the determination of the validity of the notice. *Interboro Operating Corp. v. Commonwealth Security & Mtge. Corp.,* 269 N.Y. 56, 198 N.E. 665 (1935). The subject litigation must be one where the relief requested is "directly related" to the title, possession, use or enjoyment of the real property. The plaintiff filing the notice of pendency must claim some "interest ... in the land of a defendant which might be lost under the recording acts in the event of a transfer of the subject property" during the litigation. *Braunston v. Anchorage Woods, Inc.,* 10 N.Y.2d 302, 305, 222 N.Y.S.2d 316, 318, 178 N.E.2d 717, 718–19 (1961). A plaintiff may not file a notice of pendency merely "to prevent defendants from committing a wrongful act against plaintiffs through the defendants' use of his land." *Id.*

In *5303 Realty Corp. v. O & Y Equity Corp., supra,* the Court of Appeals held that a notice of pendency could not be filed in an action for specific performance of a contract for the sale of stock representing a beneficial ownership of real estate.[4] In *Lunney & Crocco v. Wolfe,* 180 A.D.2d 472, 579 N.Y.S.2d 388 (1st Dep't 1992), a notice of pendency was held to be improperly filed to obtain a portion of the proceeds of the sale of real property. The court stated that the proceeding was not one "that would directly affect title to, or possession, use or enjoyment of the real property in question." *Id.* Similarly an action seeking damages for breach of contract—where the contract was to design a house to be built on real property owned by the respondent—is not one that directly affects title, possession, use or enjoyment of the real property in question, and therefore a notice of pendency may not be filed. *Interior Design Force Inc. v. Dorfman,* 151 A.D.2d 461, 542 N.Y.S.2d 251, 252 (2d Dep't 1989).

Applying these principles, Pereira's motion to vacate should be granted.

### 1. The Notice of Pendency Must Be Vacated in the Instant Action (97–CV–575)

On February 4, 1997, the plaintiff initiated the within copyright infringement action, CV–97–575. The complaint alleges that the defendants infringed upon its exclusive right to reproduce and publish its copyrighted architectural works and designs when they photocopied its plans and based on those plans constructed a residential dwelling at 4 Uncle Leo's Lane in Southampton and at Pereira's real property in Watermill at 45 Noyac Path. *Amended Complaint,* at ¶ 17. The plaintiff requests money damages including an amount for defendant's full profits derived from the alleged infringement, 17 U.S.C. § 504. The prayer for relief also seeks to enjoin the defendant from construction of any future house based on its copyrighted architectural plans.

### a. Misuse of the Notice of Pendency

The notice of pendency, dated March 21, 1997 makes reference to pending litigation against "the house"—but not against the real property—at 45 Noyac Path in Watermill, New York. Moreover, the sole purpose for filing the notice, as stated in the notice of pendency, was to secure a source of funds[5] in the event that Zitz ultimately prevails in the copyright infringement action.

The notice of pendency, in relevant part, reads as follows:

NOTICE IS HEREBY GIVEN that an action has been commenced and is now

---

4. The notice of pendency described the litigation as one "to enforce a contract to sell the fee ownership in the property and deliver its possession." *5303 Realty Corp., supra,* 64 N.Y.2d at 317, 486 N.Y.S.2d 877, 476 N.E.2d 276.

5. At oral argument, Zitz's counsel confirmed this purpose and maintained that Pereira is a citizen of Portugal who is "trying to flee the country." He also asserted that Pereira is attempting to "abscond with the proceeds" on the sale of the house at 45 Noyac path. There is no evidence in the record to support counsel's rhetoric. *Transcript of Proceedings on April 18, 1997,* at 9–10.

pending in this Court upon the Complaint of the above-named plaintiff, Richard J. Zitz, Inc. against the above-named defendants, Leonel Bernadino Dos Santos Pereira and Peter T. Podlas, for copyright infringement of Copyright Registration Nos .... with respect to the house designed and built by the defendants *to secure the payment of either the greater of actual damages defendants' profits from the sale of said house and premises or statutory damages for willful infringement which can amount to up to $100,-000.00 per copyright. plus attorneys' fees.*

That the premises effected (sic) by said action is located at 45 Noyac Path, Watermill, . . . .

Notice of Pendency, dated March 21, 1997, annexed at "B" to Pereira's Cross–Motion to Vacate (*emphasis added*).

This is a misuse of the notice of pendency. This is not a litigation where the plaintiff is seeking a judgment directly affecting "the title to, or the possession, use or enjoyment of real property." CPLR § 6501; *Braunston v. Anchorage Woods, supra.* The plaintiff is using the notice of pendency as a form of attachment to secure a source of funds. Such use is improper. *5303 Realty Corp. v. O & Y Equity Corp., supra,* 64 N.Y.2d at 324, 486 N.Y.S.2d 877, 476 N.E.2d 276.

■ While the plaintiff seeks to enjoin the defendants from future infringement, this action is one for money damages, including any profits derived through infringement. It is well-established that an action for money damages will not entitle the plaintiff to a notice of pendency. *See Interior Design Force, Inc. v. Dorfman, supra,* 151 A.D.2d 461, 542 N.Y.S.2d 251 (2d Dep't 1989) (notice of pendency properly vacated in an action for breach of contract to design a house where plaintiff was essentially seeking money damages); *Alternate Energy Mgmt. Corp. v. Fontana,* 141 A.D.2d 482, 529 N.Y.S.2d 712 (2d Dep't 1988) (action for damages does not entitle the plaintiff to a notice of pendency).

### b. No Entitlement to Impoundment or Transfer of the House

Zitz asserts that he is entitled to impoundment or transfer of the house at 45 Noyac Path as an infringing "copy" of its copyrighted plans, pursuant to 17 U.S.C. § 503, and therefore this is a proper case for a notice of pendency. Zitz cites no case law to support this contention. There is none.

Section 503 of the Copyright Act sets forth certain remedies relating to impoundment. Section 503(a) provides that during the pendency of an action "the court may order the impounding ... of all copies or phonorecords claimed to have been made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced." 17 U.S.C. § 503(a). Section 503(b) of the Copyright Act provides that the court "in a final judgment ... may order the destruction or other reasonable disposition of all copies or phonorecords ... made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives or other articles by means of which such copies or phonorecords may be reproduced." *Id.* § 503(b). The Rules of Practice adopted by the Supreme Court concerning the remedy of impoundment refer to the seizing of "infringing copies, records, plates, molds, matrices, etc. or other means for making the copies alleged to infringe the copyright." *See, Rules 3 and 4 of the Rules of Practice.* Rule 5 refers to the seizure of "said articles" and "delivering same."

The cases where 17 U.S.C. § 503 is invoked all involve movable articles "by which copies or phonorecords may be reproduced," 17 U.S.C. § 503(a) and (b), or the "copies and phonorecords" themselves. *See, e.g., Peer Int'l Corp. v. Luna Records, Inc.,* 1995 WL 125389, * 10 (S.D.N.Y. March 23, 1995) (ordering the destruction of phonorecords containing seven copyrighted musical compositions); *Brooks v. Knowledge Engineering Inc.,* 1994 WL 121851, * 1 (S.D.N.Y. April 7, 1994) (impounding computer hard drives and related equipment); *Demetriades v. Kaufmann,* 680 F.Supp. 658, 666 (S.D.N.Y.1988) (impounding copyrighted architectural plans); *Wallace Berrie & Co. v. Custom Styled Toys,* 1982 WL 1288, *1, 3 (E.D.N.Y.

August 16, 1982) (ordering seizure of manufactured toys).

■ The court concludes that the remedies afforded at 17 U.S.C. § 503 in a copyright infringement, in the circumstances presented herein, do not directly "affect the title to, or the possession, use, or enjoyment of, real property", CPLR § 6501, located at 45 Noyac Path, Watermill, New York. Pereira's motion to vacate the notice of pendency is granted.

### The Notice of Pendency in the Dismissed Action (96–CV–2237) Must Be Vacated

A notice of pendency was filed against the defendant's property on February 3, 1997 in Suffolk County, Index # 97–3523, in the copyright infringement action 96–CV–2237. By order dated March 20, 1997, Thomas C. Platt, *D.J.*, dismissed this federal action.

■ Section 6514(a) of the New York Civil Practice Laws and Rules provides that the court "shall direct any county clerk to cancel a notice of pendency … if the action has been settled, discontinued or abated." *N.Y. C.P.L.R.* § 6514(a). Since the plaintiff's cause of action [96–CV–2237] was dismissed, the notice of pendency must be vacated.[6]

The defendant's cross-motion to vacate the notice of pendency [# 97–3523] in the dismissed case [96–CV–2237] is granted. The Clerk of the New York Supreme Court, Suffolk County, is directed to enter judgment canceling the notice of pendency.

### Conclusion

For the reasons stated above, Zitz's application for a preliminary injunction to enjoin the sale of the house at 45 Noyac Path in Watermill, New York, is DENIED.

Pereira's cross-motion to vacate the notice of pendency herein filed against his property, 45 Noyac Path, Water Mill, New York, is GRANTED. The Clerk of the New York Supreme Court, County of Suffolk, is directed to cancel the following notices of pen-

---

**6.** Plaintiff does not object to the cancellation of the notice of pendency. *Zitz' Response to Defendant's Motion to Vacate Notices of Pendency,* dated April 14, 1997, at 4. It is not clear why the

dency: Index No. 97–3523, filed February 3, 1997, and Index No. 97–06941, filed March 21, 1997.

plaintiff did not stipulate to the cancellation of the notice of pendency as requested, following the dismissal order of the court.